Henry Clay Greenberg, J.
This is an action to recover damages, for fraud and conspiracy to defraud, against six individuals, three of whom were, at the times complained of, officers and directors of Webrib Steel Corporation (herein “ Webrib ”). The damages claimed in this action are reasonable counsel fees, disbursements and expenses incurred by plaintiff to recover the sum of $164,000 paid by him to Webrib in proceedings in the United States District Court, and interest for the period of deprivation of the use thereof.
The three defendants above mentioned move to dismiss the complaint: (a) pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for insufficiency, 11 because it does not allege damages recoverable in this action”; (b) pursuant to subdivision 4 of rule 107 on the ground that there is an existing final judgment of a court of competent jurisdiction determining the causes of action between the parties hereto; and (c) pursuant to subdivision 6 of rule 107 on the ground that the claim set forth in the complaint has been released.
Webrib had filed in 1956 a petition for an arrangement under chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11) in the United States District Court and was allowed to continue in possession of its property. In 1957, Webrib was authorized by order of the Referee of that court to borrow the sum of $164,000 *812 to be secured by a mortgage on its assets and a certificate of indebtedness, upon the terms set forth in a certain contract. Plaintiff was brought into the deal by the individuals who were ostensibly negotiating to make the loan to Webrib and it was he who advanced said sum on May 14, 1957. By petition dated May 20,1957, filed with the Referee, setting forth the misrepresentations which are alleged in the present complaint, plaintiff sought to rescind the transaction and obtain the return of his money. It was finally determined by the District Court that the chattel mortgage be rescinded as to plaintiff and that the $164,000 be returned to him. An appeal taken by Webrib to the United States Court of Appeals was withdrawn by stipulation dated June 6, 1958, which provided that the sum of $159,500 be returned to plaintiff and that the sum of $4,500 be retained to the credit of Webrib, and an order to that effect was entered in the District Court.
In moving to dismiss the present complaint for insufficiency, insofar as it demands counsel fees and expenses, the three defendants rely on the general rule that, in the absence of any contractual or statutory liability therefor, attorneys’ fees and expenses incurred in litigating a claim, aside from the usual court costs, are not recoverable as an item of damages, either in that suit or in a suit subsequently brought.
But there is a well-recognized exception to the rule. If, through the wrongful act of his present adversary, a person is involved in earlier litigation with a third person in bringing or defending an action to protect his interests, he is entitled to recover the reasonable value of attorneys’ fees and other expenses thereby suffered or incurred (Jones v. Morgan, 90 N. Y. 4; Hynes v. Patterson, 95 N. Y. 1; Boyles v. Burnett, 213 Mo. App. 288; Turner v. Zip Motors, 245 Iowa 1091; Ritter v. Ritter, 381 Ill. 549; see, also, Ann. 45 A. L. R. 2d 1183-1198; 25 C. J. S., Damages, § 50, subd. c; 15 Am. Jur., Damages, § 144; Restatement, Torts, § 914).
With regard to the recoverability of interest in this action, the loss incurred in the deprivation of the use of plaintiff’s moneys is also treated as a legal consequence of defendants’ alleged original wrongful act and recoverable as an item of damages. The true measure of damage in an action for fraud is indemnity for the actual pecuniary loss suffered as the direct result of the fraud, and this embraces interest for the period of deprivation of the property fraudulently obtained (Reno v. Bull, 226 N. Y. 546; Flamm v. Noble, 296 N. Y. 262). Defendants urge the applicability of the rule that the receipt by a creditor of the principal debt, or a part thereof as payment of the whole, *813 bars a subsequent claim for interest, citing, among other cases, Hamilton v. Van Rensselaer (43 N. Y. 244) and McCreery v. Day (119 N. Y. 1). That rule also is subject to several exceptions, and one of these is that recovery of one’s property from a third party does not bar a claim against the present adversary for all damages, including loss of interest, sustained as the result of his wrongful act.
The motion to dismiss for insufficiency is accordingly denied. The branch of the motion requesting dismissal of the complaint on the ground of res judicata is based upon the determination of the District Court in plaintiff’s proceeding to recover the $164,000. It is contended that that court found that Webrib, the corporation through which these moving defendants acted, was not guilty of fraud or conspiracy to defraud, but granted plaintiff’s prayer for rescission and recovery of his moneys from Webrib merely because of a misdescription in the mortgage executed by it.
It is true that the court refused to find that Webrib had engaged in any conspiracy with the individuals who were negotiating with it to defraud the plaintiff, but it expressly found that Webrib did execute and deliver a mortgage “ which falsely described the location of the property covered by the mortgage and which failed to reveal that certain of that property was subject to options to purchase held by the persons in whose possession such chattels were at the time ”. The court found it unnecessary to pass upon another claim of fraud asserted against Webrib with regard to the statement of its accounts receivable, as it concluded that the order of the Referee should be sustained ‘ ‘ to the extent of rescinding the chattel mortgage and directing the repayment of the $164,000.”
The point made by the moving defendants that where a fraud issue has been decided in favor of a corporation, that issue may not be relitigated in an action against its officers or directors as the actual perpetrators of the fraud, is thus seen not to be applicable to the first cause of action which, among other things, charges fraud with respect to the mortgage and the accounts receivable. Moreover, a judgment is conclusive upon the parties only in respect to essential facts litigated and decided therein; upon which the controversy turned, and whose determination was necessary to the determination of the issue between the parties (House v. Lockwood, 137 N. Y. 259, 268; Donahue v. New York Life Ins. Co., 259 N. Y. 98). Even if we assume, as is not the case, that the District Court found merely that because of unintentional misdescriptions in the mortgage plaintiff was entitled to the relief of rescission, the fact of misdescription *814 alone, without regard to its falsity, would have been the essential fact whose determination was necessary in order to pass upon plaintiff’s petition for rescission. Any finding as to the presence or absence of fraud would, under such a decision, constitute an unessential fact not necessary to uphold the determination. The plea of res judicata is accordingly overruled.
The final phase of the motion directed to the claim of release in plaintiff’s acceptance of the $159,500 returned by Webrib in connection with the withdrawal of its appeal, is denied with leave to the defendants to allege the same facts in their answer as a defense (Rules Civ. Prac., rule 108). No general release or, indeed, document of any kind, except the stipulation of appeal withdrawal reciting simply the payment to be made, appears to have been executed. Under the circumstances, defendants’ claim of release is a question of fact to be raised by an affirmative defense and decided at the trial.