■ JAMES A. DAUGHERTY, Respondent, v MCKEON OVERHEAD DOOR CO., INC., Appellant.—Judgment of the Supreme Court, Kings County, entered October 21, 1977, affirmed, with $50 costs and disbursements (see *Matter of Staklinski [Pyramid Elec. Co.]*, 6 AD2d 565, 567, affd 6 NY2d 159; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583). Hopkins, J. P., Latham, Damiani and Titone, JJ., concur.

■ CORY ELKINS, Appellant, v CINERA REALTY, INC., Respondent.—In an action, *inter alia,* pursuant to section 234 of the Real Property Law to recover attorney's fees incurred in the successful defense of summary proceedings, plaintiff appeals from an order of the Supreme Court, Kings County, entered April 12, 1977, which, upon defendant's motion, dismissed so much of the complaint as sought a declaratory judgment and referred the request for attorney's fees to the Housing Part of the Civil Court of the City of New York, for disposition. Order affirmed, without costs or disbursements. Special Term properly dismissed so much of the complaint as sought a declaratory judgment on the ground that such relief is not warranted in this type of action. Plaintiff-appellant's claim for reasonable attorney's fees cannot be determined on this appeal. Although the statute provides that such an award may be made in appropriate circumstances if there is a "successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease" (Real Property Law, § 234), it is clear that the Legislature intended such an award to be based on the ultimate outcome of the controversy, whether or not such outcome is on the merits. The first two summary proceedings commenced against plaintiff on behalf of defendant-respondent were dismissed without prejudice (the first due to the nonappearance of the landlord and the second because of the defective verification of the petition). A third summary proceeding has apparently been commenced. If the landlord is ultimately successful in recovering the rent due under the lease, it would be unjust to allow the plaintiff tenant to recover his reasonable attorney's fees based on the outcome of each separate stage of what is clearly one controversy. In that event, the court should consider the efforts expended by plaintiff in defending the first two summary proceedings. For the foregoing reasons, the order remanding the action to the Housing Part of the Civil Court is affirmed. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.