OPINION OF THE COURT
Per Curiam.
Order entered May 20, 1982 affirmed, with $10 costs.
Landlord commenced a holdover summary proceeding in January 1982, asserting tenant was operating a business out of her residential apartment. Tenant moved to dismiss the petition, on the ground that the notice to cure was defective and void, being a five-day notice when the appropriate provision of the Code of the Rent Stabilization Association of New York City, Inc. (§ 53) required 10 days’ notice. At the conclusion of the affidavit in support of tenant’s motion, counsel requested an award of reasonable attorneys’ fees.
*995 Civil Court held that the notice to cure was fatally defective and dismissed the petition; that dismissal is not contested on this appeal. On the issue of attorneys’ fees, the court opined that an award under Real Property Law § 234 (allowing for attorneys’ fees to the tenant where tenant successfully defends a summary proceeding, and the lease has a clause permitting attorneys’ fees to the landlord) was not yet warranted since it could not be determined whether landlord would commence a new holdover proceeding (citing Elkins v Cinera Realty, 61 AD2d 828, and Madison, Inc. v Saurwein, 103 Misc 2d 996).
Nonetheless, the court proceeded to award counsel fees by applying the “bad faith” exception to the “American” rule which generally requires that litigants bear the cost of their own legal expenses. In the court’s view, the prosecution of the summary proceeding upon the defective notice to cure constituted “bad faith” per se. We take a less severe approach and do not view the infirmity in the notice as rising to the level of malice (United Pickle Co. v Omanoff, 63 AD2d 892) or “bad faith” (Harradine v Board of Supervisors, 73 AD2d 118) necessary to justify a departure from the general rule that attorneys’ fees are not recoverable absent a contractual or statutory liability. Rather, at this stage of the litigation, we think the award for attorneys’ fees is sustainable under Real Property Law § 234. It was stated in Elkins v Cinera Realty (supra) that the Legislature intended an award under the statute “to be based on the ultimate outcome of the controversy, whether or not such outcome is on the merits”. It is now over two years since the dismissal of the holdover proceeding. Landlord did not serve a proper notice to cure or commence new proceedings to determine the merits of what is now a stale claim, i.e., tenant’s usage of the premises in 1981. The only reasonable conclusion is that landlord abandoned that proceeding and no longer contemplates suit on the underlying merits of that claim. In this context, tenant is entitled to her reasonable attorneys’ fees (Madison, Inc. v Saurwein, supra), for the landlord should not be permitted to postpone indefinitely the “ultimate outcome” of the lawsuit, effectively denying tenant statutory attorneys’ fees in the situation where the petition is dismissed on motion and the merits are not addressed.
Dudley, P. J., Hughes and Sandifer, JJ., concur.