■ PETER HERRICK, Doing Business as NORICK REALTY CORP., Appellant, v ELLEN D. DEBARD, Respondent.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered November 14, 1988, which granted defendant-respondent's motion to dismiss the complaint, unanimously affirmed, without costs.

In this action for a declaratory judgment determining the right to possession of a rent-stabilized apartment, plaintiff served and filed its summons and complaint, predicated on an untimely notice of intent not to renew the lease on the ground that the subject premises are not utilized by the tenant as her primary residence. The notice was served prior to 150 days before the expiration of the lease, in contravention of Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (2). Plaintiff thereafter, without leave of court, served a second, timely notice of intent not to renew the lease within the 120-to-150-day period provided for by the regulation.

This court has previously held that a "plaintiff's failure to serve the defendant with notice of nonrenewal precludes consideration of its nonprimary residence allegations" *(Park House Partners v DeIrazabal,* 140 AD2d 84, 89, *lv dismissed* 73 NY2d 866, *rearg denied* 73 NY2d 919). In the interest of judicial economy, we consider service of the requisite notice a precondition to the maintenance of a nonprimary residence action, whether by way of a holdover proceeding in the Housing Part of Civil Court or a declaratory judgment action in Supreme Court *(Park House Partners v DeIrazabal, supra,* at 90). Concur—Ross, Milonas, Ellerin and Rubin, JJ.

Sullivan, J. P., concurs in a separate memorandum as follows: I concur on constraint of *Park House Partners v DeIrazabal* (140 AD2d 84, *lv dismissed* 73 NY2d 866, *rearg denied* 73 NY2d 919; *but see, 615 Co. v Mikeska,* 146 AD2d 452 [dissenting mem], *lv granted* 148 AD2d 1018).