OPINION OF THE COURT
Rolando T. Acosta, J.
In this summary proceeding, which has already been *409 dismissed, respondent is moving for an order granting him reasonable attorney’s fees incurred in the successful defense of a nonprimary residence proceeding which petitioner commenced against him. Respondent’s motion, made returnable in New York County, was referred to this court because the court had previously entertained respondent’s motion for, inter alia, an order dismissing the petition and granting attorney’s fees. At that time, this court granted respondent’s motion to dismiss the petition on the express ground that “petitioner’s receipt and retention of the three rent checks [after the tenancy was purportedly terminated and before the commencement of the holdover proceeding] constitutes acceptance sufficient to vitiate the predicate [nonrenewal and termination] notices that were served.” (Roxborough Apts. Corp. v Becker, 176 Misc 2d 503, 506 [Civ Ct, NY County].)
Although the court’s decision indicates that it had denied the remainder of respondent’s motion as “moot”, the court currently does not specifically recall whether it had actually considered respondent’s motion for attorney’s fees or whether it had mistakenly overlooked that portion of respondent’s motion. To the extent that the court considered and denied the motion, the court deems respondent’s motion as one for reargument (CPLR 2221), which is hereby granted.
Contentions of the Parties
Respondent tenant contends that he is entitled to attorney’s fees pursuant to the lease between the parties and Real Property Law § 234 because respondent’s motion to dismiss the petition was granted and petitioner is precluded from commencing another action upon the same grounds (i.e., nonprimary residence grounds). Petitioner does not dispute that the lease between the parties contains an attorney’s fees clause which in the proper case may entitle a tenant to an award of attorney’s fees. Petitioner argues, however, that an award of attorney’s fees is unwarranted in this particular case because this court dismissed the petition “on procedural grounds and not on the merits.”
Discussion
Real Property Law § 234 provides that when a lease between a tenant and a landlord states that a landlord may recover attorney’s fees incurred in a summary proceeding commenced against the tenant for a breach of the lease, there is “implied in such lease” a reciprocal duty on the part of the landlord to *410 pay the tenant’s legal expenses “incurred * * * in the successful defense of any * * * summary proceeding commenced by the landlord against the tenant arising out of the lease”. A landlord or tenant is entitled to attorney fees, however, only when it can be said that the landlord or tenant is the “prevailing party” in a “controversy” which reaches an “ultimate outcome”. (Elkins v Cinera Realty, 61 AD2d 828 [2d Dept 1978]; see also, Centennial Restorations Co. v Wyatt, 248 AD2d 193.)
A controversy reaches an “ultimate outcome” when a court disposes of the action on the merits, or when it becomes clear that the action, although not disposed of on the merits, cannot or will not be commenced again on the same grounds. A tenant may be entitled to attorney’s fees, for example, when a landlord discontinues a proceeding for a second time and the applicable law does not permit the landlord to recommence a third proceeding (Centennial Restorations Co. v Wyatt, supra, at 193), or when a court dismisses a petition on a procedural ground and the landlord decides, for one reason or another, not to commence another proceeding against the tenant. (Park S. Assocs. v Essebag, 126 Misc 2d 994, 995 [App Term, 1st Dept 1984]; N. V. Madison, Inc. v Saurwein, 103 Misc 2d 996, 998-999 [App Term, 1st Dept 1980].) A controversy does not reach an ultimate outcome sufficient to entitle a litigant to the award of attorney’s fees, however, when an action is dismissed on procedural grounds or is otherwise discontinued and there is some indication that the action may be recommenced at a later time.
Here, the court dismissed the petition on a quintessential procedural ground — i.e., that the predicate nonrenewal notice, served pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.2 (c) (2), was effectively vitiated by the landlord’s receipt and retention of three rent checks after the tenancy was purportedly terminated and before the commencement of the holdover proceeding. Thus, petitioner is. correct that the court never addressed the actual merits of petitioner’s nonprimary residence claim. The court did not rule, and respondent, in his preanswer motion, did not even ask the court to rule, that petitioner’s retention of the rent checks effected a complete waiver of the underlying nonprimary residence claim. Indeed, a tenant’s substantial burden to prove a waiver of a nonprimary residence claim would be much greater than respondent’s burden to prove a waiver of a predicate notice. (See, e.g., *411 Melnick v Melnick, NYLJ, Oct. 6, 1986, at 7, col 2 [App Term, 1st Dept] [landlord’s acceptance of rent constitutes waiver of predicate notice but not underlying holdover claim]; Associated Realties v Brown, 146 Misc 2d 1069, 1070-1071 [Civ Ct, NY County 1990] [same]; Aaros Realty v Clements, NYLJ, Feb. 18, 1998, at 28, col 5 [Civ Ct, NY County] [landlord’s acceptance of rent constitutes waiver of predicate notice; petition dismissed without prejudice]; see also, Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442 [1984].)
That the court did not dispose of the action on the merits, however, is not fatal to respondent’s motion for attorney’s fees. (Centennial Restorations Co. v Wyatt, 248 AD2d 193, 197, supra [“the tenant may recover (attorney’s) fees when the ‘ultimate outcome’ is in his favor, ‘whether or not such outcome is on the merits’”], quoting Elkins v Cinera Realty, 61 AD2d 828, supra; see also, Park S. Assocs. v Essebag, supra, 126 Misc 2d, at 995.) As explained above, disposal on the merits is only one of the many ways in which an action may reach its ultimate outcome.
Thus, the critical question in this case is whether, the court having dismissed the petition on procedural grounds, the petitioner may commence a new nonprimary residence proceeding against respondent. Because the answer to that question is no, an award of attorney’s fees is warranted.
Petitioner is effectively precluded from commencing a new nonprimary residence proceeding against respondent because of the operative effect of the Rent Stabilization Code and the special protection it affords to rent-stabilized tenants. Section 2524.2 (c) (2) of the Code provides that a condition precedent to the commencement of a nonprimary residence proceeding against a rent-stabilized tenant is the service of a notice of nonrenewal upon the tenant “at least 120 and not more that 150 days prior to the expiration of the lease term.” (See also, Golub v Frank, 65 NY2d 900, 901 [1985]; Herrick v Debard, 155 AD2d 320 [1st Dept 1989].)
Because the court has already held that the notice of nonrenewal which was timely served in this case is invalid, petitioner cannot rely upon it as the predicate upon which to commence a new nonprimary residence action. (See, Matter of Nicolaides v State of N. Y. Div. of Hous. & Community Renewal, 231 AD2d 723 [2d Dept 1996]; Kaycee W. 113th St. Corp. v Diakoff, 160 AD2d 573 [1st Dept 1990].) Nor can petitioner timely serve a new 120- through 150-day renewal notice since such notices must be served no more than 150 days “prior to the expiration *412 of the lease”. (Rent. Stabilization Code [9 NYCRR] § 2524.2 [c] [2].) In this case, the lease between the parties expired sometime in June of 1997 and thus petitioner cannot possibly satisfy the condition precedent requirements of RSC (9 NYCRR) § 2524.2 (c) (2).
Notably, petitioner does not even claim that it currently expects to recommence another nonprimary residence proceeding against respondent. Indeed, if anything, petitioner is statutorily required at this point to renew respondent’s rent-stabilized lease. (See, Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-511 [c] [4], [9]; Rent Stabilization Code [9 NYCRR] § 2524.1 [a]; see also, Golub v Frank, supra, 65 NY2d, at 901; Cier Indus. Co. v Hessen, 136 AD2d 145, 148-149 [1st Dept 1988].)
Thus, although this court did not dismiss the petition with prejudice and there is nothing in the court’s decision which expressly bars petitioner from recommencing the nonprimary residence proceeding against respondent, petitioner is effectively barred from recommencing that action against respondent by operation of law. Under these circumstances, respondent is entitled to an award of attorney’s fees. (See, e.g., Centennial Restorations Co. v Wyatt, 248 AD2d 193, supra [attorney’s fees warranted where landlord is precluded by law from recommencing action]; Feierstein v Moser, 124 Misc 2d 369, 374 [Sup Ct, NY County 1984] [same].)
Although an award of attorney’s fees, emanating from the court’s dismissal of the petition, may appear to some to be a harsh consequence of the landlord’s improper acceptance of three rent checks, the result is wholly consistent with the legislative intent, as evinced by Real Property Law § 234, that such “award [s] * * * be based on the ultimate outcome of the controversy, whether or not such outcome is on the merits.” (Elkins v Cinera Realty, 61 AD2d 828, supra.) It is also consistent with the primary purpose of Real Property Law § 234, which is “intended to discourage unnecessary litigation”. (Cier Indus. Co. v Hessen, supra, 136 AD2d, at 150-151.) As the Appellate Division stated in Cier Indus. Co. (supra, at 151), “the intimidating effect of the availability of attorneys’ fees to a successful tenant would constitute a significant restraint and important deterrent to the bringing of frivolous nonprimary residence proceedings by landlords.”
In this case, petitioner landlord commenced a nonprimary residence proceeding against a rent-stabilized tenant which *413 petitioner should have known was not procedurally viable. The law provides that he, and not respondent, should have to pay the price for that.
Accordingly, respondent’s motion for an award of attorney’s fees and expenses incurred in the successful defense of the summary proceeding and in the preparation of the motion for attorney’s fees is granted to the extent that a hearing is ordered to determine the reasonable value of the attorney’s fees.