Opinion issued March 1, 2012. 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-12-00074-CV

NO. 01-11-00490-CV

———————————

Christopher Morice, Appellant

V.

Equity
Residential Management, LLC, as successor to Equity Residential Properties
Management Corp.,
Appellee



 



 

On Appeal from the County Civil Court at Law No. 4 

Harris County, Texas



Trial Court Case No. 985323

 



 

MEMORANDUM OPINION

Equity Residential Management, LLC
sued Christopher Morice for breach of a residential
lease.  The trial court dismissed
Equity’s claims against Morice without prejudice,
based on a lease provision designating New York City
as the venue for the suit, but it denied Morice’s request
for attorney’s fees.  Morice appeals, contending that New
York law entitles him to attorney’s fees as a prevailing party.  We affirm.[1] 

Background

Morice
leased a New York apartment from Equity. 
The lease agreement provides: 

DEFAULT
REMEDIES: If you fail to perform any of your obligations under this Lease, we
may exercise all of our rights under this Lease, at law or in equity. . . . We
can . . . recover the costs, including attorneys’ fees and court costs, which
we incur to pursue such actions against you, even if we do not file formal
litigation . . . . 

 

LAWS GOVERNING THIS LEASE/VENUE:
This lease shall be governed by the laws of the state in which the Building is
located, and all legal action arising from this Lease shall be tried in the
county where the building is located . . . . 

Equity sued Morice in Harris County, where Morice
now lives, alleging that Morice had defaulted on the
lease and owes it more than $11,000 in unpaid rent. Morice
moved to dismiss the suit based on the lease clause providing that disputes
“shall be tried in the county where the Building is located.”  The trial court initially denied Morice’s motion to dismiss the case.  Morice then petitioned
this court for mandamus relief from the trial court’s order.  We conditionally granted a writ of mandamus,
concluding that the forum-selection clause was valid,
and that the trial court had no discretion but to dismiss the case without
prejudice.  See In re Morice, 01-11-00541-CV, 2011 WL
4101141 (Tex. App.—Houston [1st Dist.] Sept. 15. 2011, no
pet.).  Thereafter, the trial
court dismissed the lawsuit, but it denied Morice’s request
for attorney’s fees.  

Discussion

Standard
of Review

          We
review a decision awarding or denying attorney’s fees for abuse of discretion.  Ridge Oil Co. v. Guinn Invs., Inc., 148
S.W.3d 143, 163 (Tex. 2004). A trial court abuses its discretion if it
acts without reference to any guiding rules or legal principles or acts
arbitrarily or unreasonably.  K–Mart Corp. v. Honeycutt,
24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

Analysis

In addition to the
venue provision, the lease in this case also contains a New York choice-of-law
provision.  We therefore apply New York
law to determine whether the trial court erred in denying Morice’s
request for attorney’s fees.  See Fairmont
Supply Co. v. Hooks Indus., Inc., 177 S.W.3d 529, 535 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied) (applying Pennsylvania law to award of attorney’s
fees in breach of contract case where contract contained choice-of-law
provision providing for application of 
Pennsylvania law).  Morice maintains that he is entitled to attorney’s fees
under either New York Real Property Law § 234 or New York’s Shindler exception to the American Rule. 
See Shindler v. Lamb, 211 N.Y.S.2d 762, 765 (N.Y. Sup. Ct.
1959).

a.   
Section
234 

New York Real Property
Law § 234 provides in relevant part: 

Whenever a
lease of residential property shall provide that in any action or summary
proceeding the landlord may recover attorneys’ fees and/or expenses incurred as
the result of the failure of the tenant to perform any covenant or agreement
contained in such lease, or that amounts paid by the landlord therefor shall be
paid by the tenant as additional rent, there shall be implied in such lease a
covenant by the landlord to pay to the tenant the reasonable attorneys’ fees
and/or expenses incurred by the tenant as the result of the failure of the
landlord to perform any covenant or agreement on its part to be performed under
the lease or in the successful defense of any action or summary proceeding
commenced by the landlord against the tenant arising out of the lease . . . 

 

N.Y. Real
Prop. Law § 234 (McKinney
2011). 
Section 234 thus allows a successful tenant to claim reasonable attorney’s
fees if the lease agreement affords similar relief to the landlord.  Because the lease agreement in this case expressly
provides that Equity can recover its attorney’s fees if incurred in a successful
suit against Morice arising from a default under the
lease, Morice has a concomitant right to attorney’s
fees under section 234, should his defense to Equity’s suit be “successful.”  See
N.Y. Real Prop. Law § 234.  

Equity does not
contest the trial court’s order of dismissal. 
Thus, the question presented is whether that dismissal fits the
definition of “successful” under the statute to trigger liability for fees.  A tenant may recover attorney’s fees under
section 234 only if there is a “successful defense” of the landlord’s suit
against him.  N.Y. Real Prop. Law § 234.  The
New York courts have interpreted “successful” in section 234 to hinge on the
“ultimate outcome of the controversy, whether or not such outcome is on the
merits.” Elkins v. Cinera Realty, Inc., 402 N.Y.S.2d 432, 433 (N.Y. App.
Div. 1978).   The statute requires
that the tenant must be the prevailing party in a controversy that has reached
its ultimate outcome. See Elkins, 402 N.Y.S.2d at 433; see also Centennial Restorations Co. v. Wyatt, 669 N.Y.S.2d 585 (N.Y. App.
Div. 1998).  A controversy has reached
its “ultimate outcome” when a court disposes of the case on the merits, or—although
not disposed of on the merits—it cannot or will not be brought again.  See
Centennial Restorations Co., 699
N.Y.S.2d at 588 (tenant entitled to attorney’s fees where landlord twice
discontinued suit and law prohibited commencing suit third time); see also Park S. Assocs. v. Essebag, 487 N.Y.S.2d
252, 253-54 (N.Y. App. Div. 1984) (controversy reached ultimate outcome where
landlord’s claim was dismissed in summary proceeding, landlord failed to
recommence the proceeding within two years or serve proper notice to cure, and
claim had become stale).  

In contrast, a controversy
has not reached its “ultimate outcome” when the action is dismissed without
prejudice, but the record indicates that the landlord may refile
it.  See
Elkins, 402 N.Y.S.2d at 433 (holding
that controversy has no ultimate outcome because case was dismissed but landlord
later refiled it); see  also R & O Mgmt. Corp. v. Ahmad, 819
N.Y.S.2d 382, 383 (N.Y. App. Term 2006) (tenants not entitled to attorney’s
fees based on the dismissal of landlord’s petition without prejudice).  Thus, under the statute, a tenant may claim
attorney’s fees when (1) a landlord discontinues a proceeding, and the
applicable law does not permit the landlord to recommence the proceeding; or
(2) a court dismisses a case on procedural grounds, and some evidence
demonstrates that the landlord does not contemplate further action against the
tenant.  

Applying these
principles, the trial court properly refused to award attorney’s fees to Morice.  The court
dismissed Equity’s claims without prejudice because the lease agreement
required that the parties try the case in a different forum.   Nothing
in the trial court’s ruling prevents Equity from pursuing its claims in New
York.  Further, Morice
adduced no evidence to demonstrate that Equity does not intend to pursue the
case, nor does he point to any legal impediment to refiling
the suit.  Compare Park S. Assocs., 487
N.Y.S.2d at 254 (holding that landlord should not be permitted to “postpone
indefinitely the ‘ultimate outcome’” and deny tenant attorney’s fees where
trial court dismissed landlord’s petition two years earlier and landlord had
made no effort to recommence suit), with
R & O Mgmt. Corp., 819 N.Y.S.2d
at 383 (dismissal without prejudice not enough to show tenant was prevailing
party at the “ultimate outcome”).

Relying on 25 East 83 Corp. v. 83rd Street Associates
and Lisa Laser USA, Inc. v. HealthTronics, Inc., Morice responds
that he is a prevailing party with respect to the central relief sought at the
trial court: dismissal based on the forum selection clause.  624 N.Y.S.2d 125 (N.Y. App.
Div. 1995); No. 03-10-00464-CV, 2011 WL 1237639, at *4-5 (Tex. App.—Austin Mar.
31, 2011, no pet.) (mem.
op.).  But neither 25 East 83 Corp. nor Lisa
Laser guide this Court’s analysis.  25 East
83 Corp. does not address whether
a tenant is a prevailing party where a case is dismissed without prejudice, and Lisa Laser was decided under California
law.  

Applying New York law,
we hold that the trial court did not abuse its discretion in refusing to award attorney’s
fees to Morice, because he has made no showing that the controversy has
reached its ultimate outcome.  If the Equity
prevails in later proceedings arising from the same lease dispute, “it would be
unjust to allow . . . [Morice] to recover his
reasonable attorney’s fees based on the outcome of each separate stage of what
is clearly one controversy.”  Elkins, 402 N.Y.S.2d
at 433.  If Morice
ultimately prevails, he then may seek his fees associated with the Texas
proceeding. 

b.   
Shindler
Exception

Morice
alternatively seeks attorney’s fees under New York’s “Shindler exception” to the
American Rule, which provides that “[i]f, through the
wrongful act of his present adversary, a person is involved in earlier
litigation with a third person in bringing or defending an action to protect
his interests, he is entitled to recover the reasonable value of attorneys’
fees and other expenses thereby suffered or incurred.”  Shindler, 211 N.Y.S.2d at 765. 
The Shindler
exception requires (1) a wrongful act by a present adversary and (2) earlier litigation
with a third person. See id.  We cannot conclude that the Shindler
exception applies to this case.  Morice successfully petitioned this court for a writ of
mandamus compelling the trial court to dismiss Equity’s case against him based
on a forum selection clause.  Although Equity
did not prevail in seeking to set aside the forum selection clause, nothing in
the record indicates that Equity committed a “wrongful” act in filing the suit
for breach of the lease agreement in Harris County, Morice’s
current place of residence.  




 

Conclusion

Applying New York law,
we conclude that the trial court did not abuse its discretion in denying Morice’s request for attorney’s fees.  We therefore affirm the judgment of the trial
court in cause number 01-12-00074-CV.  We
dismiss cause number 01-11-00490-CV as moot.  All pending motions are dismissed as
moot.  

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]
        Cause number 01-12-00074-CV is an
appeal from the final judgment of the trial court on attorney’s fees.  Cause number 01-11-00490-CV is a companion
appeal related to the parties’ mandamus proceeding regarding enforcement of the
forum selection clause.  As our court resolved
the latter issue by granting mandamus relief, we dismiss 01-11-00490-CV as
moot.