Murray House Owners Corp., Petitioner-Landlord-Appellant, 
against
Barbara Welter, Respondent-Tenant-Respondent.



Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Gary F. Marton, J.), dated February 11, 2019, which, upon reargument, adhered to its prior order granting tenant's motion for attorneys' fees as a prevailing party in a holdover summary proceeding.




Per Curiam.
Order (Gary F. Marton, J.), dated February 11, 2019, affirmed, with $10 costs.
We agree with Civil Court that tenant was the prevailing party in this nuisance holdover proceeding, following landlord's discontinuance of the proceeding without prejudice (to avoid a court-ordered traverse hearing), and its failure to commence a new holdover proceeding for approximately eleven months thereafter (see Park S. Assoc. v Essebag, 126 Misc 2d 994 [App Term, 1st Dept 1984]; N.V. Madison, Inc. v Saurwein, 103 Misc 3d 996 [App Term, 1st Dept 1980]). In this context, and given the lack of any explanation for the extended period of inactivity, tenant is the prevailing party entitled to her reasonable attorneys' fees, since the ultimate outcome is in her favor, whether or not such outcome is on the merits (see Centennial Restorations Co. v Wyatt, 248 AD2d 193, 197 [1998]).
Landlord's ultimate commencement of a new holdover proceeding against tenant does not mandate a different result, since, as noted by Civil Court, the new proceeding was not brought until nearly a year after landlord discontinued the instant proceeding, and only after tenant moved for an award of attorneys' fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2019