Per Curiam.

This proceeding should have been dismissed for failure to give the notice required by section 53 of the State Rent and Eviction Regulations (see Frankel v. Rost, 272 App. Div. 334). But, in any event, such dismissal was surely required upon tenant’s cross motion to set aside the final order in landlord’s favor, when uncontradicted documentary proof was presented that landlord had accepted rent between the time of said notice and the commencement of the proceeding. Subdivision 8 of section 1410 of the Civil Practice Act, authorizing landlord to accept rent without prejudice to a holdover proceeding, applies only after it has been commenced.
The final order and order should be reversed, with $30 costs, and final order directed in favor of tenant, with costs.
Concur: Hofstadter, Eder and Hecht, Jr., JJ.
Final order reversed, etc.