OPINION OF THE COURT
Peter M. Wendt, J.
This statutory holdover proceeding is based on landlord’s claim that tenant has engaged in acts which constitute a nuisance. The proceeding rests on a termination notice personally served on September 7, 1989, and expiring September 15, 1989. Petitioner does not dispute that after service of the notice of termination, and before commencement of this proceeding, landlord accepted rent from tenant for the entire month of September 1989. Thus landlord, after service of the notice of termination and before commencement of the pro *1070 ceeding, accepted rent for a period after expiration of the notice of termination.
Tenant claims that by such acceptance of rent, landlord waived both the right to rely on the notice of termination and the right to object to the conduct complained of. (Atkins Waste Materials v May, 34 NY2d 422 [1974].) Tenant also includes in the claim of waiver the acceptance of rent after commencement of the proceeding. This additional claim is without merit. RPAPL 711 (1) specifically allows petitioner to accept rent after commencement of the proceeding without prejudice to its claim.
Landlord asserts that the acceptance of rent between service of the notice and commencement of the proceeding was inadvertent, and did not constitute a knowing and voluntary waiver.
For a landlord to waive its substantive right to object to particular conduct on the part of a tenant, more than inadvertence is necessary. A waiver is the voluntary abandonment or relinquishment of a known right, and is not to be rotely inferred from the acceptance of rent in all circumstances. (Jefpaul Garage Corp. v Presbyterian Hosp., 61 NY2d 442 [1984]; 85th Estates Co. v Goldberg, NYLJ, Feb. 14, 1986, at 12, col 4 [App Term, 1st Dept].) Here, the papers alone do not establish, without a trial, that landlord knowingly and voluntarily waived its right to demand a forfeiture of respondent’s tenancy for the alleged conduct.
However, it has long been the law in this jurisdiction that acceptance of rent after service of the notice of termination and before commencement of the proceeding, for a period after expiration of the notice, vitiates the notice. (Hart v Mills, NYLJ, July 9, 1979, at 5, col 1 [App Term, 1st Dept]; Connecticut Investors Corp. v Strasser, 14 Misc 2d 1061 [App Term, 1st Dept 1958]; Guy v Furman, 4 Misc 2d 564 [App Term, 1st Dept 1956].) The acceptance of rent for a period after expiration of the notice sends the tenant a message contrary to that contained in the notice. Here, the notice, served September 7, 1989, tells tenant to remove herself from the premises on September 15, 1989. Yet after service of this notice, landlord accepted and cashed a check for a period ending September 30, 1989, thus contradicting the effect of the notice. On the one hand landlord requires tenant to leave, and on the other, accepts rent for a period after surrender is demanded. This can easily imply to tenant that she need not *1071 surrender the premises, but may continue in possession. By such acceptance of rent for the period between the expiration of the notice and commencement of the proceeding, landlord therefore nullified the effect of the notice.
In Jefpaul Garage Corp. v Presbyterian Hosp. (supra, 61 NY2d, at 448), the Court of Appeals notes that there is no necessary inconsistency in waiving the right to terminate a lease by treating a party as a tenant in accepting the rent with knowledge of a violation of the lease, but in also refusing to extend the lease for a further term. Similarly, although landlord herein cannot rely on its termination notice because of its acceptance of rent between the notice and commencement of the proceeding, such conduct does not automatically rise to the level of a voluntary abandonment of its right to ultimately terminate respondent’s tenancy for the conduct alleged.
Gramercy Realty Co. v Smith (NYLJ, Mar. 24, 1981, at 6, col 1 [App Term, 1st Dept]), relied upon by petitioner herein, is not to the contrary. In Gramercy Realty, landlord accepted rent during the period covered by the notice to cure, and before service of the notice of termination. The court held that the acceptance of rent during the pendency of a notice to cure should not be deemed a waiver of the landlord’s right to terminate the lease upon failure of the tenant to cure the violation of the lease. As stated by the court in Gramercy Realty, “it could not be known whether tenant would timely discontinue the unauthorized subletting.” In Gramercy Realty, the court adheres to the distinction between acceptance of rent before and acceptance after service of the notice of termination. It recognizes the existence of the rule of Hart v Mills (supra) and Guy v Furman (supra).
In the case at bar, petitioner accepted rent after service of the notice of termination, for a period after its expiration, and before commencement of this proceeding. Thus the notice was nullified; dismissal is required. Under the facts submitted to the court, it cannot be said whether landlord’s acceptance was sufficiently knowing and voluntary to constitute a substantive waiver of landlord’s right to object to the conduct alleged. This proceeding must therefore be dismissed without prejudice to reassertion of this right in a future action or proceeding.
For the above-stated reasons, respondents’ motion is granted; the petition is dismissed.