OPINION OF THE COURT
Rolando T. Acosta, J.
In this holdover proceeding, petitioner landlord seeks a judg *504 ment of possession of respondent’s rent-stabilized apartment because, according to petitioner, respondent has not occupied the apartment as his primary residence.
In a preanswer motion, respondent tenant moves for an order dismissing the petition on the ground that the landlord’s acceptance and retention of three months’ rent after the tenancy was purportedly terminated and before the commencement of the holdover proceeding vitiated the notice of nonrenewal and notice of termination, thus dissolving the required predicate to maintain this proceeding.
Petitioner acknowledges receipt and retention of respondent’s rent checks for the months of July, August and September— that is, following the purported termination of the tenancy on June 30, 1997, and prior to the commencement of this proceeding in November 1997. Petitioner argues, however, that its retention of the three checks did not vitiate the nonrenewal and termination notice because petitioner never cashed the checks and, even if it did, the predicate notices would not be vitiated thereby.
The court disagrees with petitioner. It is well settled in this Department that a landlord’s acceptance of a tenant’s rent after the tenancy is purportedly terminated and before the commencement of the holdover proceeding vitiates the notice of nonrenewal and notice of termination, and thus mandates dismissal of the petition because of the lack of an adequate predicate notice. (See, 205 E. 78th St. Assocs. v Cassidy, 192 AD2d 479 [1st Dept 1993], revg on dissent of McCooe, J., NYLJ, Sept. 27, 1991, at 21, cols 4, 5-6 [App Term, 1st Dept]; Melnick v Melnick, NYLJ, Oct. 6, 1986, at 7, col 2 [App Term, 1st Dept]; Hart v Mills, NYLJ, July 9, 1979, at 5, col 1 [App Term, 1st Dept]; Connecticut Investors Corp. v Strasser, 14 Misc 2d 1061 [App Term, 1st Dept 1958]; Guy v Furman, 4 Misc 2d 564 [App Term, 1st Dept 1956].)
As Judge Wendt explained in Associated Realties v Brown (146 Misc 2d 1069, 1070-1071 [Civ Ct, NY County 1990]), the predicate notice is vitiated under these circumstances because: “[t]he acceptance of rent for a period after expiration of the notice sends the tenant a message contrary to that contained in the notice * * * On the one hand landlord requires tenant to leave, and on the other, accepts rent for a period after surrender is demanded. This can easily imply to tenant that she need not surrender the premises, but may continue in possession. By such acceptance of rent for the period between the expiration of the notice and commencement of the proceeding, *505 landlord therefore nullifie[s] the effect of the notice.” (See also, Dulac v Moy, NYLJ, Nov. 4, 1992, at 28, col 1 [Civ Ct, NY County] [“by failing to return 10 monthly rent checks, petitioner (landlord) left a reasonable impression on the respondent (tenant) that a landlord-tenant relationship continued”, notwithstanding the service of a notice of nonrenewal].)
Thus, the only real issue in this case is whether petitioner’s receipt and retention of three rent checks constitutes “acceptance” of rent sufficient to vitiate the predicate notices.
A landlord’s mere receipt of rent checks does not alone constitute acceptance, especially where the landlord promptly returns the checks uncashed, or where the rent checks, although cashed, were accepted inadvertently and the landlord promptly explains the inadvertence to the tenant. Thus, courts have refused to find that a landlord “accepted” rent checks sufficient to vitiate the predicate notice where the rent is unknowingly received through a lock box (see, e.g., Metropolitan Life Ins. Co. v Sucdad, NYLJ, Aug. 6, 1985, at 6, col 1 [App Term, 1st Dept]), or where the rent is accepted inadvertently and the landlord returns the checks uncashed to the tenant without unreasonable delay (see, e.g., Pacer Realty Assocs. v Bishop, NYLJ, Dec. 12, 1996, at 29, col 1 [App Term, 1st Dept]).
Where a landlord receives rent checks, however, and does not immediately return them or claim and explain any inadvertence, courts have not hesitated to find that the retention of the checks constitutes acceptance sufficient to vitiate the predicate notice. (See, e.g., 205 E. 78th St. Assocs. v Cassidy, 192 AD2d 479, revg on dissent of McCooe, J., NYLJ, Sept. 27, 1991, at 21, cols 4, 5 [App Term, 1st Dept], supra [acceptance found where the landlord, having claimed to have deposited the tenant’s check inadvertently, “did not make any attempt to explain the ‘inadvertence’ ” or return the rent to the tenant]; Mannino v Figueroa, NYLJ, Nov. 22, 1995, at 31, cols 1, 2 [Civ Ct, Kings County] [acceptance found where the landlord received rent check and retained it for two weeks, without “putting foward facts which explain” the landlord’s retention of the check]; St. Luke’s/Roosevelt Hosp. Ctr. v Taft Pharmacy, NYLJ, May 10, 1995, at 31, col 5 [Civ Ct, NY County] [acceptance found where the landlord initiated attempt to collect rent and then retained the rent check for 24 days before returning it to the tenant uncashed]; Dulac v Moy, supra [acceptance found where the landlord received and retained 10 monthly rent checks, even though the landlord never cashed the checks]; Shulen Realty Corp. v R & R House *506 of Lites, NYLJ, May 1, 1989, at 25, col 2 [Civ Ct, NY County] [acceptance found where the landlord, without explanation, initiated collection of rent and then retained the checks until after the institution of the proceeding].)
Here, petitioner admittedly retained three rent checks for the months which preceded the commencement of this proceeding. Petitioner has never returned the checks to respondent and has not claimed that the receipt and retention of the checks were inadvertent in any way. That the checks may not have been cashed — the only fact relied upon by petitioner in support of its argument — cannot alone militate against a finding that the landlord here accepted rent. (See, Moses v Bash, NYLJ, Feb. 14,1996, at 32, col 6 [Civ Ct, Kings County]; Dulac v Moy, NYLJ, Nov. 4, 1992, at 28, cols 1, 2, supra [“The fact that petitioner (landlord) did not cash any of the rent checks, is not dispositive”].)
Thus, considering all of the circumstances of this case, the court finds that petitioner’s receipt and retention of the three rent checks constitutes acceptance sufficient to vitiate the predicate notices that were served. Because a valid notice of nonrenewal is a condition precedent to the commencement of an eviction/nonrenewal proceeding (Rent Stabilization Code [9 NYCRR] § 2524.2 [c] [2]), and to the proper invocation of the subject matter jurisdiction of the court (Stribula v Wien, 107 Misc 2d 114, 117 [App Term, 1st Dept 1980]), dismissal of the petition upon which the notice is predicated is required where, as here, the notice is deficient. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980].) Accordingly, the petition upon which this proceeding is based is dismissed.
In view of the court’s ruling, respondent’s additional claims are moot, as is petitioner’s motion for leave to conduct discovery.