591 Realty LLC v Curanaj (2024 NY Slip Op 03007)

591 Realty LLC v Curanaj

2024 NY Slip Op 03007

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 152711/22 Appeal No. 2429 Case No. 2023-04803 

[*1]591 Realty LLC, Appellant,
v
Katrina N. Curanaj, Respondent, J. Doe #1, J. et al., Defendants.

Jayson Blau & Associates, Bronx (Jayson A. Blau of counsel), for appellant.
Green & Cohen, P.C., New York (Michael R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered August 4, 2023, which, to the extent appealed from as limited by the briefs, granted defendant-tenant's cross-motion for summary judgment dismissing the ejectment complaint, unanimously affirmed, with costs.
A landlord's mere receipt of rent checks after the purported termination of a tenancy but before commencement of the action does not alone serve to vitiate a predicate notice, especially where the landlord promptly returns the checks uncashed, or where the rent checks, although cashed, were accepted inadvertently and the landlord promptly explains the inadvertence to the tenant (see Metropolitan Life Ins. Co. v Sucdad, NYLJ, Aug 6, 1985 at 6, col 1 [App Term, 1st Dept 1985]; Roxborough Apt. Corp. v Becker, 176 Misc 2d 503, 505 [Civ Ct, NY County 1998]). However, where a landlord receives rent checks and does not immediately return them or claim and explain any inadvertence, the retention of the checks constitutes acceptance sufficient to vitiate the predicate notice (see 205 E. 78th St. Assoc. v Cassidy, 192 AD2d 479 [1st Dept 1993]; 184 W. 10th Corp. v Westcott, 8 Misc 3d 132[A] [App Term, 1st Dept 2005]; Becker, 176 Misc 2d at 505-506).
Here, the Golub notice purported to terminate tenant's tenancy on January 31, 2022, yet the landlord did not serve tenant with the complaint until April 22, 2022. In the meantime, tenant tendered rent checks for February 2022, March 2022, and April 2022, all dated before service of the complaint. Moreover, landlord's managing member acknowledged receiving the rent checks contemporaneously but admitted that landlord did not return the checks until June 3, 2022.
Landlord argues that it informed tenant in December 2021 that it would not accept payment after termination of the tenancy at the end of January 2022. Landlord also argues that it never sent tenant a rent bill or an offer to renew the lease. Significantly, however, landlord's managing member does not give any explanation as to why landlord delayed in returning the checks until June 2022. Thus, the court properly determined that the receipt and retention of multiple rent checks for several months, without explanation, vitiated the predicate notices.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024