McFarlane v Hankins (2025 NY Slip Op 51123(U))

[*1]

McFarlane v Hankins

2025 NY Slip Op 51123(U)

Decided on July 18, 2025

Civil Court Of The City Of New York, Kings County

Weisberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2025
Civil Court of the City of New York, Kings County

Kenneth McFarlane, Petitioner,

against
Germaine Hankins, et al, Respondents.

Index No. 002127/24

Michael L. Weisberg, J.

The following e-filed documents, listed by NYSCEF document number 16-19 (motion no. 3) were read on this motion for leave to reargue the prior motion to dismiss.
This is a "no grounds" holdover summary eviction proceeding. Respondent's rent is paid via the CityFHEPS rent supplement program. Respondent moved pre-answer to dismiss the petition because the Department of Social Services continued to pay, and Petitioner accepted rent payments in the "window period" between termination of the tenancy and commencement of this proceeding. The court denied the motion, citing Matter of Georgetown Unsold Shares, LLC v Ledet (130 AD3d 99 [2d Dept 2015]). Respondent has moved for leave to reargue, citing this court's decision in Esplanade Gardens, Inc. v Simms, 51 Misc 3d 1228[A], 2016 NY Slip Op 50851[U] [App Term, 1st Dept 2016]), wherein the court differentiated between waiver of the right to pursue a claim for eviction and mere "vitiation" of a termination notice requiring a landlord to start over again. For the reasons set forth below, the court grants leave to reargue and adheres to its original decision.
In the First Department, acceptance of rent checks by a landlord and its subsequent failure to immediately return them or claim or explain any inadvertence "constitutes acceptance sufficient to vitiate the predicate notice" underlying a holdover summary eviction proceeding or ejectment action (591 Realty LLC v Curanaj, 228 AD3d 401 [1st Dept 2024]; 205 E. 78th St. Assoc. v Cassidy, 192 AD2d 479 [1st Dept 1993]). Both Curanaj and Cassidy were cases concerning the landlord's refusal to renew the tenant's rent-stabilized lease based on allegations of non-primary residence.
In the Second Department, the Appellate Division employed a different analysis in 
[*2]Matter of Georgetown Unsold Shares, LLC v Ledet (130 AD3d 99 [2d Dept 2015]), which was also based on the landlord's refusal to renew the tenant's rent-stabilized lease based on an allegation of non-primary residence. Dismissal of the case would mean that the landlord could no longer refuse to renew the tenant's lease, i.e. the landlord would have to offer the tenant a renewal lease and thus has waived its right to not do so. The Ledet court therefore framed the inquiry as whether acceptance of rent checks meant that the landlord intended to waive or relinquish that right.
In the holdover summary eviction proceeding before the court, the premises are not rent-stabilized or covered by the Good Cause Eviction Law. Petitioner has no obligation to offer Respondent a renewal lease. If the petition is dismissed, Petitioner cannot be said to have waived or relinquished any right. In contrast with the landlord in Ledet, Petitioner can commence a new proceeding on the same ground.
Accordingly, the analysis employed by the Appellate Division in Ledet is not relevant here. The question is not whether Petitioner intended to waive a right, but whether Petitioner's acceptance of rent payments, as a matter of law, nullified the underlying termination notice. As discussed above, under Cassidy and Curanaj, that is the rule guiding this court.
However, it is significant that the rent payments at issue herein were not made by Respondent. Respondent's rent is paid through the CityFHEPS program, so unlike in Ledet, Cassidy, and Curanaj, he did not send payments to Petitioner himself, the retention and cashing of which could have given him a message contrary to that contained in the termination notice (see Associated Realties v Brown, 146 Misc 2d 1069 [Civ Ct, NY County 1990] [Wendt, J.]). The court noted in its original decision that Respondent did not allege that he was aware that Petitioner had retained or cashed the CityFHEPS checks. In moving for leave to reargue, instead of submitting an affidavit, Respondent argues that one is not required.
As discussed in Brown, the principle underlying the rule urged by Respondent is that a tenant should have certainty regarding the meaning of a notice of termination. If a tenant tenders rent for a period after termination and that rent is retained by the landlord, that retention "sends the tenant a message contrary to that contained in the notice on the one hand landlord requires tenant to leave, and on the other, accepts rent for a period after surrender is demanded" (Brown, 146 Misc 2d at 1070). In those circumstances, the notice cannot withstand such contrary messaging and is vitiated.
Those are not the circumstances here. Respondent himself do not make any payments after the date of termination. Rather, the Department of Social Services automatically continued to mail Petitioner checks, much as it had been for the months prior to termination. Petitioner, the individual owner of a four-family house, received and cashed those checks as usual, as Respondent was still living in the premises. Respondent does not allege that he was monitoring or even aware of whether those payments were being made. In other words, there is nothing to suggest that Respondent ever received any kind of message that was contrary to Petitioner's notice of termination or was led to believe that Petitioner no longer sought his ouster from the premises.
These facts are distinguishable from those Cassidy and Curanaj and do not justify application of the rules set forth therein. Actions taken by Petitioner concerning acceptance of rent, which Respondent was not even aware of, cannot be said to have vitiated the termination notice.
Accordingly, it is ORDERED that motion for leave to reargue is granted; and it is further
ORDERED that upon reargument, the court adheres to its original decision.
This is the court's decision and order.
Dated: July 18, 2025
Michael L. Weisberg, JHC