OPINION OF THE COURT
Richard F. Braun, J.
This is a summary holdover proceeding based on the alleged illegal sublet of residential premises. This proceeding was commenced in 1993. On June 2, 1994, this proceeding was marked off the Trial Calendar. Petitioner moved on August 8, 1995 for an order finding respondent in default of a stipulation, dated April 21, 1994; directing entry of a money judgment; and restoring this proceeding to the Trial Calendar.
The motion to restore was not timely pursuant to the rules of the Civil Court. The rules under 22 NYCRR part 208 are applicable to proceedings in Civil Court (22 NYCRR 208.1 [a]). A summary holdover proceeding is a special proceeding (RPAPL 711 [1]). In order to have a summary holdover proceeding restored to the Trial Calendar, the motion must be made within one year after the proceeding is stricken therefrom (22 NYCRR 208.14 [c]; cf., Koo v Musik, NYLJ, Feb. 7, 1990, at 23, col 2 [Civ Ct, NY County] [same for a summary proceeding for nonpayment of rent]).
If an action is not restored within one year of the date that it is marked off the Trial Calendar, then the action is deemed abandoned and automatically dismissed pursuant to CPLR 3404, whose terms are self-executing (Mamet v Mamet, 132 AD2d 479, 480 [1st Dept], lv denied 70 NY2d 611 [1987]). The "deemed abandoned” rule for failing to restore a marked off action within one year thereafter applies to actions in Civil Court, pursuant to 22 NYCRR 208.14 (c) (see, Wood v Goldman, NYLJ, Feb. 2, 1995, at 27, col 4 [App Term, 1st Dept]; N&T Pastry Shop v 5359 2nd Ave. Assoc., NYLJ, May 27, 1994, at 25, col 2 [App Term, 1st Dept] [208.4 (c) there undoubtedly should read 208.14 (c)]). This rule also applies to proceedings in Civil Court, including summary holdover proceedings (see, CPLR 103 [b]; see, discussion, supra). Thus, this summary holdover proceeding was deemed abandoned and automatically dismissed due to the failure to have it restored to the Trial Calendar within one year of the date that the proceeding was marked off the calendar (cf., Darcy v Castle Assocs., NYLJ, Jan. 17, 1989, at 25, col 2 [Civ Ct, NY County] [same for a summary lockout proceeding commenced pursuant to RPAPL 713 (10)]).
*956 A motion to restore may be treated by a court as a motion to vacate a dismissal for abandonment (Syndicate Bldg. Corp. v Lorber, 193 AD2d 506, 507 [1st Dept 1993]). In order to have such a dismissal vacated and the action restored to the Trial Calendar, the movant must show "a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action” (citations omitted). (Supra; Aaacon Auto Transp. v Foa & Son Corp., NYLJ, June 13, 1995, at 25, col 1 [App Term, 1st Dept].)
Petitioner has not done so here. The only activity by petitioner in this proceeding between the date of its being marked off the Trial Calendar and the instant motion was petitioner’s moving on June 23, 1994 for a money judgment due to respondent’s failure to pay use and occupancy. Since then, until the current motion, petitioner has not been heard from. In no way has petitioner complied with the four-prong test to obtain a vacatur of the dismissal of this proceeding.
Therefore, as this proceeding is dismissed, the motion must be denied. Petitioner may renew its claims against respondent in any appropriate fashion that it may desire.