OPINION OF THE COURT
Martin E. Ritholtz, J.
In support of a motion to restore a case to a New York City Civil Court Trial Calendar, within a year following its being stricken therefrom, must the plaintiff submit an affidavit of merits? Although there are many published decisions dealing with this issue as it relates to the New York State Supreme Court, this court has not found any officially reported decision *193 directly on point in relation to the practice in the Civil Court of the City of New York. In the absence of any clear authority, it would appear that many practitioners have mistakenly misapplied various rules, and therefore, this decision is a humble attempt to eliminate this confusion.
It appears from the affirmation of plaintiffs counsel in support of the instant motion to restore this action to the Trial Calendar that "despite numerous telephone calls and letters to the court”, she was never notified of the trial date. Said counsel further affirms that on or about December 28, 1996 she first learned that the case had been stricken from the Trial Calendar on July 31, 1996, the original trial date, and hence the necessity of this motion.
In opposition, defense counsel asserts that "it is fundamental that a motion to restore a case to the trial calendar after it had been marked 'off, must demonstrate * * * a meritorious claim * * * In the instant case, there is no effort to submit an affidavit of merits as to the plaintiffs claim and, for that reason alone, the motion should be denied. (Christopher v. Horton, 105 AD2d 1119; Marabella v. Lundy, 93 AD2d 881, affd 60 NY2d 581; Rothenberg v. Parkway Exterminating Co., Inc., 90 AD2d 497; Hickey v. Shumacher, 54 AD2d 790; and Quick-Way Excavators Inc. v. D. H. Overmyer Company, Inc., 44 AD2d 740).”
The court has reviewed the cases cited by defense counsel and notes initially that all these involved the restoration of stricken actions to the Trial Calendars of the Supreme Court, and were subject to such Supreme Court rules as 22 NYCRR former 675.5 (b), then in effect, which specifically required, inter alia, an affidavit of merits. Another common feature apparent in these cited cases is that they had been automatically dismissed, pursuant to CPLR 3404, for not having been restored within one year after being stricken from the Trial Calendar, and therefore said motions involved not only restoration to the Trial Calendar, but also vacatur of automatic dismissals.
Before applying the correct rule to restoration of an action in the Civil Court of the City of New York, it is instructive to note that even in the Supreme Court, there are different requirements depending upon the particular situation. The former rule applicable in the Supreme Court, 22 NYCRR former 675.5 (b), has been replaced by Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f), which provides as follows: "Reinstatement of Note of Issue. Motions to reinstate notes of issue vacated pursuant to this section shall be supported by a *194 proper and sufficient certificate of readiness and by an affidavit by a person having first-hand knowledge showing that there is merit to the action, satisfactorily showing the reasons for the acts or omissions which led to the note of issue being vacated, stating meritorious reasons for its reinstatement and showing that the case is presently ready for trial.” In accordance with the aforementioned rule, it has generally been held that a plaintiff who seeks to restore a case to the Trial Calendar of the Supreme Court, within a year following its being stricken therefrom, must bear the burden of demonstrating, inter alia, the existence of a meritorious cause of action (see, Evans v Kringstein, 225 AD2d 582; Barton v Jablon, 181 AD2d 755; Wulster v Rubinstein, 126 AD2d 545, lv denied 70 NY2d 723; also see, Maida v Rite Aid Corp., 210 AD2d 589). Notwithstanding this rule, there have been instances where a plaintiff was allowed to restore an action to the Trial Calendar in the Supreme Court, within one year after it had been marked off the calendar, even in the absence of an affidavit of merits (see, Butler v St. John’s Episcopal Hosp., 173 AD2d 755; Balducci v Jason, 133 AD2d 436). Under all circumstances, it has long been held that if a plaintiff moves to restore an action to the Trial Calendar in the Supreme Court more than a year after it had been marked "off”, it is also deemed a motion to vacate the automatic CPLR 3404 dismissal, and "will require the same kind of proof of merit, of lack of prejudice to the opposing party and of excusable neglect as must be shown to open a default judgment” (see, Ruggiero v Elbin Realty, 51 AD2d 1011, 1012; Horn v Schenck Transp. Co., 65 AD2d 589; also see, CPLR 5015; Swedish v Bourie, 233 AD2d 495).
Having summarized the Supreme Court requirements for restoration to the Trial Calendar, the court will now address the standards applied in the Civil Court of the City of New York. Prior to the Uniform Rules becoming effective on January 6, 1986, the predecessor rule, 22 NYCRR former 2900.17, applied, as follows:
"Dismissal of Actions for Abandonment
"A cause marked off or stricken from a Reserve Calendar, a Pre-Trial Calendar, or a Day Calendar, and returned to the General Calendar, shall be deemed abandoned and the complaint and counterclaim, if any, shall be dismissed with statutory costs for failure to prosecute, unless application to restore shall be made within one year from the date of such marking and such application is granted.”
*195 Perhaps, the fact that pre-1986, a case marked off the Civil Court Trial Calendar was immediately deemed abandoned and dismissed, unless application to restore was made within one year after the date of said marking, any such application to restore at that time was, in effect, also a motion to vacate an automatic dismissal, which required an affidavit of merits. However, as noted above, this rule was repealed, effective January 6, 1986, and the following rule presently governs the instant matter, to wit: 22 NYCRR 208.14 (c), which provides: "Actions stricken from the calendar may be restored to the calendar only upon stipulation of all parties so ordered by the court or by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by [an] affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.” Pursuant to the rule presently in effect in the Civil Court of the City of New York, the action is not automatically deemed dismissed upon being stricken from the calendar, and may be restored without the necessity of an affidavit of merits as long as a motion to restore is made within one year after the action had been stricken. The only time an affidavit of merits is necessary to restore an action to a Civil Court calendar is when such a motion is made more than a year after it had been stricken, and is therefore subject to the mandates of CPLR 3404 and 5015 (see, 474 W. 150th St. Realty Corp. v Lewis, 166 Misc 2d 954; Aaacon Auto Transp. v Foa & Son Corp., NYLJ, June 13, 1995, at 25, col 1 [App Term, 1st Dept]; N&T Pastry Shop v 5359 2nd Ave. Assoc., NYLJ, May 27, 1994, at 25, col 2 [App Term, 1st Dept]).
In light of the above, the instant motion to restore this action to the Trial Calendar, being made within one year after it had been stricken, is granted, even in the absence of an affidavit of merits. The action is restored to the calendar on condition that a new notice of trial is served and filed (with appropriate fee) within 30 days from the date of service of a copy of this order together with notice of entry on the calendar clerk and on defense counsel.