■ MARILYN A. HERTZ, Respondent, v LEWIS SCHILLER, Appellant. [657 NYS2d 652] —Judgment, Supreme Court, New York County (Carol Arber, J.), entered March 1, 1996, awarding plaintiff $87,961.44, inclusive of interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered December 20, 1995, which granted plaintiff's motion for summary judgment, and denied defendant's cross-motion to dismiss the complaint, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion denied, defendant's cross-motion is granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Defendant Schiller executed a promissory note in favor of Irving Hertz on October 1, 1987, which called for payment of $50,000 to Hertz before October 31, 1987. Defendant did not pay the note by the maturity date, and Hertz subsequently died on May 21, 1989. Plaintiff Marilyn Hertz was appointed administratrix of Irving Hertz's estate, and in June 1989 she demanded full payment of the note from defendant. When payment was not forthcoming, she caused a summons and complaint to be served on defendant on October 18, 1993.

However, the clerk of the court would not accept the summons and complaint for filing, and refused to issue an index number, because plaintiff had improperly *served* the summons and complaint on defendant prior to filing them, in violation of CPLR 306-a (a). Plaintiff recommenced the suit by filing a summons and complaint with the clerk on January 7, 1994, and served the defendant with the same on January 13, 1994. Defendant filed an answer which, as its sole defense, asserted that the claim was barred by the Statute of Limitations.

Plaintiff moved for summary judgment, noting that defendant did not contest his liability on the note in his answer. Plaintiff also argued that the claim was timely given the extension provided in CPLR 205 (a) for the recommencement of actions in certain circumstances. In his opposition papers, and in his cross-motion to dismiss, defendant admitted his execution of the note and its terms, but claimed that any debt owed to Hertz was satisfied during their business dealings, and that the note was not transferable to Mrs. Hertz. Defendant again raised the Statute of Limitations defense, asserting that plaintiff was not entitled to the six month extension in CPLR 205 (a) because the action was not properly commenced in October 1993, and therefore was not timely commenced under the statute.

Under CPLR 205 (a), a plaintiff whose action was timely commenced but subsequently terminated by reason other than voluntary discontinuance, neglect to prosecute, a lack of personal jurisdiction or a final judgment on the merits, may recommence the action within six months of the termination of the prior action even though the applicable Statute of Limitations period has expired in the interim. The statute expressly applies only where the terminated action was " 'timely commenced' " (*Dreger v New York State Thruway Auth.*, 81 NY2d 721, 723; *Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 288; *see also, Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160, 166).

The CPLR 205 (a) extension is unavailable to the plaintiff in the instant case because the action was not timely commenced in October 1993. As the Court of Appeals recently stated: "In 1992, the Legislature converted New York civil practice in the Supreme and County Courts from a commencement-by-service to a commencement-by-filing system (L 1992, ch 216). Thus, in Supreme and County Court practice, the Legislature made the payment of a filing fee and the filing of initiatory papers the acts that commence an action or a special proceeding [citations omitted]. Under the new filing system, service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action or proceeding never having been properly commenced [citation omitted]." (*Matter of Gershel v Porr*, 89 NY2d 327, 330; *see also*, CPLR 304, 306-a [a]; *Matter of Spodek v New York State Commr. of Taxation & Fin.*, 85 NY2d 760, 763.)

Based on the above, it is clear that plaintiff's improper filing did not commence the action (CPLR 304; *Matter of Gershel v Porr, supra*; *cf., George v Mt. Sinai Hosp.*, 47 NY2d 170). More-

over, since defendant asserted the defense of the Statute of Limitations in his answer to the recommenced action, and alleged that the October 1993 attempted .filing was a nullity in his cross-motion to dismiss, there was no waiver of the filing requirements (cf., *Matter of Fry v Village of Tarrytown,* 89 NY2d 714).

Accordingly, as the action was not properly commenced by the filing of a summons and complaint until January 1994, which was more than two months after the six-year Statute of Limitations period had expired (CPLR 213 [2]), it was untimely and should have been dismissed. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.