■ MIDAMERICA FEDERAL SAVINGS BANK, Respondent, v MOSHE GAON, Appellant, et al., Defendants. [662 NYS2d 562] —In an action to foreclose a mortgage, the defendant Moshe Gaon appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated August 12, 1996, as (1) granted the plaintiff's motion for summary judgment and appointed a Referee to compute the amount due upon the subject note and mortgage, and (2) denied his cross motion to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied, the appellant's cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On October 2, 1992, the plaintiff bank commenced this foreclosure action against the appellant by filing a summons and complaint with the clerk of the Supreme Court, Kings County, in accordance with CPLR 304. Two weeks later, on October 16, 1992, the plaintiff additionally filed proof that the summons and complaint had been served on the appellant. The plaintiff subsequently moved for summary judgment upon the ground that the appellant had defaulted in the action, and the appellant responded by interposing an answer in which he raised defective service as an affirmative defense. Following a hearing, the Supreme Court determined, in a decision dated April 13, 1994, that service had not been properly effected upon the appellant pursuant to CPLR 308 (2), and that the plaintiff had thus failed to acquire jurisdiction over him. Shortly thereafter, on May 5, 1994, the plaintiff re-served its summons and complaint on the appellant.

Two years later, the plaintiff again sought summary judgment, contending that the appellant had no meritorious defense to foreclosure. The appellant countered by cross-moving to dismiss the action, arguing that since the plaintiff had failed to properly effect personal service upon him within 120 days after the original October 2, 1992, filing date of this action, it had been automatically dismissed by operation of CPLR 306-b (a), and could not be revived by re-serving the summons and complaint under the same index number. In opposition to the cross motion, the plaintiff argued, *inter alia,* that commencement of

a new action was unnecessary because the original action had never been dismissed as against the appellant. The Supreme Court subsequently granted the plaintiff's motion for summary judgment, and denied the appellant's cross motion. We now reverse.

Under New York's commencement-by-filing system, plaintiffs are required to file proof of service with the clerk of the court within 120 days after filing the summons and complaint (*see,* CPLR 306-b [a]). Although failure to file proof of service within the 120-day period results in automatic dismissal of the action (*see, Srsich v Newman,* 232 AD2d 398; *Matter of Barsalow v City of Troy,* 208 AD2d 1144), a plaintiff who has timely commenced an action which is later dismissed for failure to file proof of service as required by CPLR 306-b (a), or for "failure to effect proper service", is afforded an additional 120 days to commence a new action based on the same transaction or occurrence (CPLR 306-b [b]). In the case at bar, the plaintiff commenced its foreclosure action against the appellant in October 1992 by filing a summons and complaint with the clerk of the court, and thereafter filed proof of service well within the 120-day period permitted by CPLR 306-b (a). While the appellant raised a challenge to the manner in which service of process had been effected after the expiration of the 120-day period, a defect in service of process may be waived by the parties (*see, Matter of Fry v Village of Tarrytown,* 89 NY2d 714), and the automatic, self-executing dismissal provision of CPLR 306-b (a) is not implicated by a subsequent determination that service was invalid.

However, the fact that this action was not automatically dismissed pursuant to CPLR 306-b (a) does not end our inquiry. Although the Supreme Court did not enter an order dismissing the original action against the appellant after determining that he had not been properly served with process, in view of its finding, the court no longer had authority to retain jurisdiction over the appellant (*see, Matter of Gershel v Porr,* 89 NY2d 327, 332). Accordingly, the original action was effectively dismissed as against the appellant on April 13, 1994, and the plaintiff could not properly commence a new action without filing a second summons and complaint, and paying an additional filing fee (*see, Matter of Gershel v Porr, supra; Venditti v Town of Alden,* 239 AD2d 910; *Matter of Pal v Aponte,* 237 AD2d 443). We further note that since the appellant raised the failure to properly effect service in his answer to the recommenced action, and raised the propriety of re-serving the summons and complaint under the original index number at a

second hearing on whether he had been properly served and in his cross motion to dismiss the complaint, there was no waiver of the filing requirements (*see, Hertz v Schiller,* 239 AD2d 240; *cf., Matter of Fry v Village of Tarrytown, supra*). Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.