■ CENTENNIAL RESTORATIONS Co., Respondent, v ROBERT WYATT, Appellant. [669 NYS2d 585] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., McCooe and Davis, JJ.), entered July 10, 1996, affirming the order of the Civil Court, New York County (James Grayshaw,

J.), entered on or about March 28, 1995, which denied tenant's motion to dismiss the holdover proceeding against him pursuant to 22 NYCRR 208.14 (d) and for attorneys' fees, unanimously reversed, on the law, without costs, the motion to dismiss granted, and the matter remanded to the Civil Court to assess the attorneys' fees due to tenant.

Petitioner-respondent Centennial Restorations Co. (landlord or Centennial) is the owner of the building located at 252 West 74th Street in Manhattan. Respondent-appellant Robert Wyatt (Wyatt or tenant) is a rent-controlled tenant in that building, who entered into possession pursuant to a two-year written lease in 1975 and who continued thereafter as a month-to-month tenant.

On July 13, 1992, Centennial served a 30-day notice of eviction on Wyatt, alleging that the apartment was not the tenant's primary residence because he was also listed as owning a house in Woodstock. When Wyatt failed to vacate, the landlord commenced this holdover proceeding. In his answer to the petition, Wyatt asserted that the apartment was his primary residence, and that the landlord had instituted this proceeding as retaliation for Wyatt's recent request to have his apartment painted and plastered. Such retaliation, if proven, would be a violation of Real Property Law § 223-b.

The case was first calendared for September 29, 1992. It was adjourned four times at the tenant's request. The landlord's motions for discovery and for use and occupancy were granted on January 8, 1993, and the case was scheduled to be heard on March 3, 1993.

On March 3, the tenant answered the calendar ready, but the landlord requested an adjournment. The matter was marked final for trial on March 18, 1993. However, on March 18, the landlord requested that the case be marked off the calendar. This request was granted over the tenant's objection.

In March 1994, the landlord successfully moved to restore the case to the calendar. It was scheduled for trial in the Housing Court for June 3 and 6, 1994. Nonetheless, once again the tenant was ready at the calendar call on June 3 but the landlord requested that the case be marked off a second time. In his order granting this request, the Housing Judge stated that the tenant's "request for attorney's fees is reserved if the case is restored."

On January 13, 1995, the tenant moved to dismiss the non-primary residence petition on the merits, pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 208.14 (d) on the grounds of failure to prosecute. He also moved for a hearing to

determine attorneys' fees and costs. The Housing Judge denied this motion on March 28, 1994, holding that the motion for fees was premature because the case had not yet been restored. The order concluded: "The court declines, in its discretion, to dismiss the instant case pursuant to Rule 208.14, or to restore it."

The Appellate Term affirmed this order, finding that dismissal was not required under 22 NYCRR 208.14 (d). Additionally, it held that the tenant's motion to dismiss for failure to prosecute was premature under 22 NYCRR 208.14 (c), which provides that a party may move to restore an action at any time within one year from when it was stricken from the calendar. Since the instant case was marked off on June 3, 1994, reasoned the Appellate Term, the landlord had until June 3, 1995, to restore it a third time.

The tenant now appeals from this decision, seeking dismissal and attorneys' fees. We conclude that his analysis of the relevant rules is correct and that the case should have been dismissed.

The tenant principally relies on the last sentence of 22 NYCRR 208.14 (d), which states: "If a restored case is not ready when reached, it shall forthwith be dismissed or an inquest or judgment ordered as provided in subdivision (b)". The landlord's claim that 22 NYCRR 208.14 (d) does not apply to summary proceedings is clearly baseless. 22 NYCRR 208.1 (a) states: "This Part shall be applicable to all actions and proceedings in the Civil Court of the City of New York." Additionally, the Civil Court for New York County (the very court where the instant case arose) explicitly held in *474 W. 150th St. Realty Corp. v Lewis* (166 Misc 2d 954, 955) that 22 NYCRR 208.14 was applicable to summary holdover proceedings in the Civil Court.

The language of 22 NYCRR 208.14 (d) is unambiguous. Since the landlord was not ready to proceed on the scheduled trial date for the restored case, the tenant is correct that the action must be dismissed. The Housing Judge's discretionary refusal to dismiss the case was improper because 22 NYCRR 208.14 (d) is written in strong mandatory language ("shall forthwith"), in contrast to other subdivisions of 22 NYCRR 208.14, such as 22 NYCRR 208.14 (b), where "may" is used in connection with a clear grant of discretionary power to the court. Statutory language providing that a court "shall" take some action should be read to mean that the court has no discretion to refrain once the party seeking relief has fulfilled the statutory requirements (*Matter of Brusco v Braun*, 84 NY2d 674, 680). Contrary

to the landlord's contention, the court's inherent discretion to manage its calendar is not absolute (see, Matter of Hochberg v Davis, 171 AD2d 192, 195).

The Appellate Term misinterpreted the relationship between 22 NYCRR 208.14 (c) and (d) when it gave the landlord the benefit of 22 NYCRR 208.14 (c)'s one-year grace period for restoration of an action. It is an "established rule of statutory construction that the parts of a statute are to be harmonized and full effect given to each to achieve the legislative purpose" (P.T. Bank Cent. Asia v Chinese Am. Bank, 229 AD2d 224, 234).

22 NYCRR 208.14 (c) imposes certain conditions on when a motion to restore may be made. It says nothing about whether other conditions must be met and contains no language indicating that a motion made within the one-year grace period must be entertained by the court in derogation of any obligation to dismiss the action under 22 NYCRR 208.14 (d). On the contrary, 22 NYCRR 208.14 (c) simply says that the action "may" be restored, while 22 NYCRR 208.14 (d) orders that it "shall" be dismissed. The most reasonable interpretation of this language is that compliance with 22 NYCRR 208.14 (c)'s one-year deadline is a necessary but not a sufficient condition for a motion to restore; notwithstanding such compliance, if the case has been marked off more than once, it may not be restored.

The opposite interpretation would render the last sentence of 22 NYCRR 208.14 (d) meaningless. The landlord could indefinitely repeat its requests to mark off and restore the case, with no real intent to prosecute the case, and cause the tenant to incur continuing legal expenses, while avoiding its duty to pay the tenant's attorneys' fees because the case is never concluded. Indeed, Wyatt contends that after conducting discovery, Centennial realized that its non-primary residence petition was unfounded, but prolonged the lawsuit in bad faith in order to harass him. Whether or not this is so, the landlord's interpretation of these two statutory provisions facilitates such a strategy, which would be contrary to the purpose of the rule.

Our decision in Ronsco Constr. Co. v 30 E. 85th St. Co. (219 AD2d 281), cited by the Appellate Term, is not to the contrary. In Ronsco, the case had only been marked off once, and therefore 22 NYCRR 208.14 (d) was not at issue. Rather, the question presented was whether it was sufficient under 22 NYCRR 208.14 (c) to file the motion within the one-year period, where the motion was not actually granted until after one year had elapsed. Ronsco is not relevant to the situation herein.

Wyatt's last lease with Centennial contained the following

provision: "If summary proceedings shall be commenced against the Tenant, or if the Tenant is dispossessed for non-payment of rent, or as a holdover or for any other cause, the Tenant agrees to pay all expenses incurred by the Landlord in dispossessing or instituting a dispossess proceeding against the Tenant." Pursuant to Real Property Law § 234, when a residential lease entitles a prevailing landlord to recover attorneys' fees, a reciprocal covenant is implied, which entitles a prevailing tenant to recover attorneys' fees. The tenant may recover fees when the "ultimate outcome" is in his favor, "whether or not such outcome is on the merits" (*Elkins v Cinera Realty*, 61 AD2d 828).

In *Park S. Assocs. v Essebag* (126 Misc 2d 994), two years had elapsed since the summary holdover proceeding had been dismissed because the landlord's notice to cure was defective, but the landlord had neither served a proper notice on the tenant nor instituted a new proceeding. The Appellate Term held that the tenant was entitled to attorneys' fees at that point, rather than having to wait until the matter was resolved on the merits, especially since the landlord apparently "no longer contemplate[d] suit on the underlying merits of that claim" (*supra,* at 995). "[T]he landlord should not be permitted to postpone indefinitely the 'ultimate outcome' of the lawsuit, effectively denying tenant statutory attorneys' fees in the situation where the petition is dismissed on motion and the merits are not addressed" (*supra,* at 995).

In light of the above, Centennial is wrong to claim that Wyatt's motion for fees was premature because the Housing Judge reserved the issue of attorneys' fees to be considered when (if ever) the case was restored. Since 22 NYCRR 208.14 (d) does not permit this case to be restored, and in fact mandates dismissal, the "ultimate outcome" has been reached. Wyatt, as the prevailing party, is entitled to attorneys' fees in an amount to be determined on remand.

Centennial's other arguments against an award of fees are similarly without merit. The Housing Judge's decision to reserve consideration of attorneys' fees is not the "law of the case" as far as this Court is concerned, because that doctrine is limited to courts of coordinate jurisdiction and cannot bind an appellate court to follow the lower court decision from which the appeal was taken (*Martin v City of Cohoes*, 37 NY2d 162, 165).

Moreover, although Wyatt did not appeal from the Housing Judge's June 3, 1994 order, the Judge's March 28, 1995 order effectively granted reargument and, upon reargument, adhered

to his original decision. The March 28 order superseded the prior order and was fully appealable (*see*, *People v Singleton*, 72 NY2d 845, 847). Wyatt thereafter appealed from the March 28 order to the Appellate Term and then to this Court. Thus, the issue of attorneys' fees is properly before us (*Neglio v Adler*, 101 AD2d 771, 771-772). Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.