■ COMPANY CAR CORP. et al., Respondents, v ELLIOT WIENER et al., Appellants. [672 NYS2d 731] —Order, Supreme Court, New York County (Alfred Toker, J.H.O.), entered July 30, 1997, which purported to clarify an order entered September 11, 1996, by declaring that "there is at this time a final order of dismissal," thus extending plaintiffs' time to file a new action from the later date, unanimously reversed, on the law and facts, without costs or disbursements, and the order vacated.

The Judicial Hearing Officer made a determination, as of September 11, 1996, that the defendants had not been properly served with process. Accordingly, the court was without jurisdiction to enter the order appealed from herein "clarifying" the previous order. While plaintiff commenced a new action on February 21, 1997, CPLR 306-b (b) provides that a new action must be commenced, and personal service effected, within 120 days of dismissal. The period from September 11, 1996 to February 21, 1997 is 163 days, and therefore, the new action was not timely. Even if the new action were timely, it would not give the court jurisdiction to modify an order entered 10 months previously that had dismissed the action and thereby deprived the court of jurisdiction (*see*, *Midamerica Fed. Sav. Bank v Gaon*, 242 AD2d 610). "Although the Supreme Court did not enter an order dismissing the original action against the appellant after determining that he had not been properly served with process, in view of its finding, the court no longer had authority to retain jurisdiction over the appellant". (*Supra*, at 611.)

Likewise, in the matter herein, the original action was effectively dismissed as of September 11, 1996 and the court improperly "clarified" that order by, in effect, making the dismissal nunc pro tunc. Since it no longer had jurisdiction over the action, it had no authority to modify the order. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.