■ CANDIDO REYES, Appellant, v HARRIS PRESS & SHEAR, INC., et al., Respondents, et al., Defendants. (And a Third-Party Title.) (Action No. 1.) CANDIDO REYES, Appellant, v HARRIS PRESS & SHEAR, INC., et al., Respondents. (Action No. 2.) [683 NYS2d 565] —In two related actions to recover damages for personal injuries, the plaintiff in both actions appeals from two orders of the Supreme Court, Suffolk County (Berler, J.), both dated November 24, 1997, which, *inter alia*, granted the motions of the defendants Harris Press & Shear, Inc., and Harris Waste Management Group, Inc., to dismiss complaints asserted in Action No. 1 bearing Index No. 30253/96 and Action No. 2 bearing Index No. 17816/97, insofar as asserted against them.

Ordered that the order in Action No. 1 is affirmed; and it is further,

Ordered that the order in Action No. 2 is modified by deleting the provision thereof which granted the motion to dismiss the action bearing Index No. 17816/97 and substituting therefor a provision denying that motion; as so modified, the order is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Determinative of this appeal is whether Action No. 2, commenced under Index No. 17816/97, was timely commenced within the meaning of CPLR 306-b (b) (as it then read) as against the defendants Harris Press & Shear, Inc., and Harris Waste Management Group, Inc. (hereinafter collectively referred to as Harris) after Action No. 1, commenced under Index No. 30253/96 and arising from the same occurrence, was deemed dismissed for improper service of process. We find that Action No. 2 was timely commenced.

Pursuant to CPLR 306-b (a) as it then read, a party was obligated to file proof of service of process within 120 days of the filing of the summons and complaint with the clerk of the court

(*see, Mohammed v Elassal,* 226 AD2d 509; *Matter of Barsalow v City of Troy,* 208 AD2d 1144). Because Harris was a foreign corporation not authorized to do business in New York, service of process had to be effected pursuant to Business Corporation Law § 307. Here, although the plaintiff filed proof of service of Action No. 1 upon Harris within the 120-day period, neither of the addresses served was adequate to satisfy Business Corporation Law § 307. In one of the orders appealed from, the Supreme Court, upon motion by Harris, held that Action No. 1 insofar as asserted against Harris was automatically "deemed dismissed" pursuant to CPLR former 306-b (a) 120 days after proof of service was filed due to the inadequate service of process. Further, using the date of this automatic dismissal, the court found Action No. 2 untimely under CPLR former 306-b (b). However, because proof of service of the first action was timely filed, although service of process was later determined to have been made to addresses inadequate to satisfy Business Corporation Law § 307, the automatic dismissal provision of CPLR former 306-b (a) was not applicable. Rather, Action No. 1 was merely subject to dismissal upon proper motion (*see, Midamerica Fed. Sav. Bank v Gaon,* 242 AD2d 610). Here, in light of the actual date that Action No. 1 was dismissed, November 24, 1997, Action No. 2 was timely commenced against Harris within the meaning of CPLR former 306-b (b). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.