Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.

■ BEVERLY MARTINO, Respondent, v WESLEY FORD, Appellant. [692 NYS2d 77] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 30, 1998, which denied his motion pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced an action in 1996 to recover damages resulting from the defendant's alleged breach of a loan agreement, and the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to properly effect personal service upon him. On April 11, 1997, at a hearing to determine the validity of service of process, the court rendered its decision that service had been improper. However, the defendant failed to reduce the decision to a writing (see, CPLR 2219, 2220 [a]). Apparently acting pursuant to CPLR former 306-b (b), which was in effect at the time, the plaintiff commenced a new action on August 5, 1997, within 120 days of the date of the hearing, but served the defendant after the expiration of that time period. The defendant moved to dismiss the complaint in the second action on the ground that service was untimely, and the plaintiff opposed the motion on the ground that the April 11, 1997, determination was not an enforceable order. Thus, the first action was still pending and the time for commencing the second action had not yet begun to run. In denying the defendant's motion to dismiss the complaint in the second action, the Supreme Court adopted the plaintiff's reasoning. We disagree.

Under CPLR former 306-b (b), a plaintiff was permitted to commence a new action within 120 days of the dismissal of a prior action for failure to file proof of service, provided that service upon the defendant was effected within 120 days of the dismissal. The original action was effectively dismissed when the court determined that the defendant had not been properly served (see, e.g., Midamerican Fed. Sav. Bank v Gaon, 242 AD2d 610). Moreover, the record clearly indicates that in the new action the plaintiff failed to serve the summons and complaint upon the defendant within 120 days of the court's determination, of which the plaintiff was aware. The plaintiff may not, on the one hand, take advantage of the benefit afforded by the statute in permitting a second chance at proper service, and on the other, argue that the statute is not applicable

because the time limit provided therein has not been triggered. In any event, the mandatory nature of the language of CPLR former 306-b (b) deprives this Court of the discretion to permit a second action to continue under these circumstances. Thus, reversal is warranted and the complaint in the second action must be dismissed.

In light of our determination, it is unnecessary to reach the defendant's remaining contentions. Bracken, J. P., Santucci, Krausman and Feuerstein, JJ., concur.