■ DOMINICK ZACCOLI et al., Appellants, v JOSEPH McGINN, JR., et al., Respondents. [691 NYS2d 351] —In an action, *inter alia*, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated April 27, 1998, which granted the defendants' motion to dismiss the action as time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the plaintiffs'

cause of action to recover damages for wrongful death was untimely since it was not asserted within two years after the decedent's death (*see,* EPTL 5-4.1 [1]).

Similarly, the court correctly concluded that the dismissal of the plaintiff's original action pursuant to CPLR former 306-b (a) was automatic and self-executing, and occurred 120 days after commencement of the action without the need for any further action by the court (*see, Midamerica Fed. Sav. Bank v Gaon,* 242 AD2d 610; *Black v Randall Med. Offs.,* 237 AD2d 110; *Long v Quinn,* 234 AD2d 520; *Matter of Barsalow v City of Troy,* 208 AD2d 1144). Moreover, the court properly found that the plaintiffs' attempt to commence a new action pursuant to CPLR former 306-b (b) was unsuccessful, since the plaintiffs failed to file and serve within 120 days after the automatic dismissal (*see generally, Matter of Gershel v Porr,* 89 NY2d 327, 331).

The plaintiffs' contention that their time to commence a new action should have been extended pursuant to CPLR 2004 is not properly before us, since they did not request that relief in the Supreme Court. Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.