■ IVAN TASAYCO et al., Respondents, v KONICA CORPORATION, Appellant, et al., Defendants. [699 NYS2d 467] —In an action to recover damages for personal injuries, etc., the defendant Konica Corporation appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (Lockman, J.), entered August 11, 1998, as denied that branch of its motion which was to dismiss the complaint as time-barred, and (2) an order of the same court, entered December 18, 1998, as, upon reargument, adhered to so much of the original determination as denied that branch of its motion which was to dismiss the complaint as time-barred.

Ordered that the appeal from the order entered August 11, 1998, is dismissed, as that order was superseded by the order entered December 18, 1998, made upon reargument; and it is further,

Ordered that the order entered December 18, 1998, is reversed insofar as appealed from, on the law, upon reargument, so much of the order entered August 11, 1998, as denied that branch of the appellant's motion which was to dismiss the complaint as time-barred is vacated, that branch of the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

By order entered April 7, 1997, the Supreme Court dismissed

the plaintiffs' action against the defendant Konica Corporation (hereinafter Konica) based upon the plaintiffs' failure to properly serve Konica. The plaintiffs subsequently commenced this action in January 1998, and Konica moved to dismiss it on the ground, *inter alia*, that it was time-barred. The Supreme Court denied the motion and, upon reargument, adhered to its original determination. We reverse.

CPLR former 306-b (b), which was applicable when the first action was dismissed, provided, *inter alia*, that where an action is dismissed "for failure to effect proper service * * * the plaintiff may commence a new action * * * within [120] days of such dismissal" (*see also, Martino v Ford,* 261 AD2d 516; *Maudsley-Marino v Navas,* 259 AD2d 739; *Reyes v Harris Press & Shear,* 256 AD2d 564; *cf., Mohammed v Elassal,* 226 AD2d 509). Accordingly, the plaintiffs had 120 days from the April 7, 1997, dismissal within which to commence an action against Konica (*see, Zaccoli v McGinn,* 262 AD2d 556).

Since the plaintiffs failed to commence this action within the statutorily-prescribed period, and since the applicable Statute of Limitations had expired, that branch of Konica's motion which was to dismiss the action as time-barred should have been granted (*see, Zaccoli v McGinn, supra*). The plaintiffs' contention that the April 7, 1997, order was not a dismissal within the meaning of CPLR former 306-b (b), and thus did not trigger the running of the 120-day period, is without merit (*cf., Martino v Ford, supra*). Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.