OPINION OF THE COURT
Eileen A. Rakower, J.
Defendant moves the court for an order pursuant to CPLR 2221 for leave to reargue and renew his motion to dismiss for plaintiffs’ failure to prosecute this action, which was previously denied on July 19, 2001. Defendant bases this motion on the fact that plaintiffs materially misrepresented their readiness for trial at the time of the initial motion, and that they still are not ready to proceed.
When the court rendered its July 2001 decision it excused a minimal nine-day delay in order to give plaintiffs the opportunity to proceed to trial. Yet, plaintiffs have not proceeded even though they filed their notice of trial more than one year ago, and the matter has appeared on the trial calendar. While defendant has tenaciously pressed plaintiffs to move forward, he has been forced to wade through a morass of conflicting statutes that ironically are designed as tools for the court to facilitate the resolution of cases and control its calendar. Like Sisyphus, the defendant has faced an uphill battle to bring closure to this case.
The lack of clarity in the interplay between the various statutes governing the failure to prosecute a case, as well as their mistaken application by the parties and the Civil Court, has resulted in confusion and delay. There is surprisingly little guidance on this issue. The court therefore will attempt to offer consistency and direction regarding the dismissal of a plenary action in the New York City Civil Court for failure to prosecute when it has previously been on the trial calendar.
At the outset, the court notes that the litigants as well as Judge Debra Rose Samuels in a prior application before the court have both referred to and relied upon the provisions of CPLR 3404 and 3216 to address the issue of plaintiffs failure to prosecute this matter. In so doing, the Civil Court’s own rules of procedure, specifically Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 et seq., have gone largely unacknowledged.
While the procedures embodied in 22 NYCRR 208.14 and CPLR 3404 seem at first glance to be comparatively similar, their operations differ in a significant way. CPLR 3404 provides for an automatic dismissal of an action that has not proceeded *128 to trial for a year. It provides that “[a] case in the supreme court or a county court marked ‘off * * * from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed * * * The clerk shall make an appropriate entry without the necessity of an order.” (CPLR 3404 [emphasis added].) The automatic dismissal serves to shift the burden to the plaintiff to restore the case to the calendar, rather than require a defendant to move or require the court to affirmatively act to dismiss an action for failure to prosecute. (22 NYCRR 208.14 et seq.)
The apparent confusion here is understandable because CPLR 3404 has been applied in a variety of situations that would suggest, albeit incorrectly, that it should be used in the case at bar. For instance, an action where the Supreme Court had directed a case to be transferred to Civil Court pursuant to CPLR 325 (d) was found properly dismissed pursuant to CPLR 3404. (Amsterdam Leather Bag v New York Prop. Ins. Underwriting Assn., 240 AD2d 272 [1st Dept 1997].) There, however, the transfer to the Civil Court was never implemented and the Supreme Court was found specifically to have retained jurisdiction. (Id.) It has also been suggested that CPLR 3404 applies to plenary actions in the Civil Court where a case has been marked off the calendar for more than one year. (See, e.g., Guzman v Members Am. Credit Union, 172 Misc 2d 192 [Civ Ct, Queens County 1997].) However, the cases cited in support of that proposition were either Supreme Court cases or summary proceedings.[1] (Id.; 474 W. 150th St. Realty Corp. v Lewis, *129 166 Misc 2d 954 [Civ Ct, NY County 1995]; see also Matter of Henriques v Boitano, NYLJ, July 17, 2002, at 18, col 6.)
In a case originating in the Supreme Court cited by the court in Guzman (supra), the Appellate Term, First Department, seemed to acknowledge the inapplicability of CPLR 3404 to Civil Court actions when it referred to the appropriate section of the Uniform Rules for Civil Court (discussed below) as the “analog” to CPLR 3404. (Aaacon Auto Transp. v Foa & Son Corp., NYLJ, June 13, 1995, at 25, col 2 [App Term, 1st Dept].) Still most recently, the Appellate Term referred to the Uniform Rules for Civil Court and CPLR 3404 collectively in upholding the Civil Court’s denial of a plaintiffs motion to restore, without specifically finding CPLR 3404 applicable to Civil Court matters. (Billings v Kudler, 2002 NY Slip Op 50321 [U] [App Term, 1st Dept 2002].)
The Appellate Term, Second Department, has clearly and definitively found CPLR 3404 and its automatic dismissal provision to be inapplicable to Civil Court cases because of the express language of the rule, which designates its applicability only to Supreme Court and County Court cases. (LoFredo v CMC Occupational Health Servs., 189 Misc 2d 781 [App Term, 2d Dept 2001].) This court is compelled to adopt this holding *130 and finds that CPLR 3404 does not apply to the case at bar. This court is unwilling to read into CPLR 3404 that which has not been included by the Legislature.
The court, in order to further clarify the interplay between these rules, notes that CPLR 3216 identifies the requirements for a party seeking dismissal of a plenary action for want of prosecution in the Civil Court, as it explicitly applies to proceedings that fall outside the operation of CPLR 3404. (CPLR 3216 [a], [f].) CPLR 3216 requires that issue be joined for at least one year, and that defendant serve a demand requiring plaintiff to resume prosecution and file a note of issue within 90 days. (CPLR 3216 [b].) The Appellate Division has found the purpose of requiring the service of a 90-day demand to file a note of issue is to give a plaintiff the opportunity to complete discovery before dismissal, and that the rule therefore is intended to apply only to cases which, unlike the case at bar, have not yet reached the trial calendar. (Lopez v Imperial Delivery Servs., 282 AD2d 190, 192 [2d Dept 2001], lv dismissed 96 NY2d 937 [2001]; Johnson v Minskoff & Sons, 287 AD2d 233, 236 [1st Dept 2001].)
Uniform Rules for New York City Civil Court (22 NYCRR) § 208.14 sets forth the requirements for a party seeking restoration of a case, as well as a framework for the court to dismiss an action when a party fails to appear after a case has reached the trial calendar in the Civil Court. (Uniform Rules for Civ Ct [22 NYCRR] § 208.14 et seq.; see, Guzman, supra at 195.) Again, there is no provision for automatic dismissal in this provision. It provides that,
“Actions stricken from the calendar may be restored to the calendar only upon stipulation of all parties so ordered by the court or by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having been stricken and showing that it is presently ready for trial.” (Uniform Rules for Civ Ct [22 NYCRR] § 208.14 [c].)
Thus, a party seeking to restore or to oppose a motion to dismiss must demonstrate a reasonable excuse for not proceeding, the meritorious nature of the action, their current availability for trial, and the lack of prejudice to the other party if the case were restored or permitted to proceed. (See, Aaacon Auto Transp., supra.) The same is true when a party moves to *131 restore a case that has been off the trial calendar for more than one year. (CPLR 5015 [a] [1]; Johnson, supra at 236, citing State of New York v Kama, 267 AD2d 226 [2d Dept 1999].)
The Uniform Rules for Civil Court also specify that where a case has been previously restored to the trial calendar and is not ready when reached, “it shall forthwith be dismissed or an inquest or judgment ordered as provided in subdivision (b).” (Uniform Rules for Civ Ct [22 NYCRR] § 208.14 [d].) The use of the word “shall” in this provision leaves the court little discretion. (See, Centennial Restorations Co. v Wyatt, 248 AD2d 193, 196 [1st Dept 1998].) Stated differently, when a case appears on the trial calendar, having been restored thereto by the court, and plaintiff is not prepared to proceed, the matter must be dismissed by the court, not “marked off” the trial calendar. While this provision does not prevent the court from restoring a matter to the trial calendar at a future date, a plaintiff seeking to do so at that juncture would have the greater burden of explaining their prior unavailability and demonstrating merit to their claim, because of the inherent prejudice to the other side resulting from the additional delay.
With this in mind, the court now turns to defendant’s motion for leave to renew and reargue.
Plaintiffs commenced the instant podiatric malpractice action on or about October 23, 1996 to recover damages for personal injuries allegedly caused by defendant. Plaintiffs filed a note of issue in July 1999 in the Supreme Court, New York County. This matter was then transferred to this court pursuant to CPLR 325 (d) on January 21, 2000.
The parties first appeared in the Civil Court on February 13, 2000. At that time, plaintiffs told the court that they were unavailable for trial and the case was adjourned to April 10, 2000. On April 10, 2000, the court set a firm trial date of June 20, 2000. On that date, plaintiffs were not ready for trial because plaintiff Ronald Alpert was out of the country. The matter was “marked off’ the trial calendar.[2]
Plaintiffs moved to restore the case to the calendar approximately six months later in December 2000. Plaintiffs’ motion was granted on January 23, 2001. The court directed plaintiffs to file a notice of trial after, among other things, payment of a new fee. Plaintiffs did not comply with the court’s *132 January 23, 2001 order, or take any other action within one year of the matter being “marked off’ the trial calendar.
On June 21, 2001 defendant moved to dismiss on the ground of plaintiffs’ failure to prosecute the action. Plaintiffs then filed a notice of trial on or about June 29, 2001 in an apparent response to defendant’s motion. In light of the court’s preference for having cases resolved on their merits, this court by a decision, dated July 19, 2001, denied the motion to dismiss and thereby permitted the restoration of the case to the trial calendar even though plaintiffs were technically nine days late in filing their notice of trial. It is that decision which defendant now seeks leave to reargue and renew.
Pursuant to the July 19, 2001 order, this matter was first scheduled for August 2, 2001, at which time jury selection and trial was postponed to October 24, 2001. When the parties appeared on October 24, 2001, plaintiffs’ attorney, who said that he was not the attorney who would try the case, again claimed that plaintiff Ronald Alpert was out of the country and unavailable for trial. The matter was once again “marked off’ the trial calendar.[3]
Thereafter, in December 2001 defendant again moved to dismiss this action. By an order of the Honorable Debra Rose Samuels, dated March 13, 2002, defendant’s motion was denied. Judge Samuels, referring to this court’s July 19, 2001 order and relying on CPLR 3404, posited that
“it would appear that since no motion by Defendant was required [in June 2001], Judge Rakower must have elected to treat Plaintiffs’ opposition to Defendant’s motion for dismissal pursuant to CPLR 3404 as a motion for restoration. If Defendant believes that, in light of the extraordinary history of delay on Plaintiffs’ part in this case, Plaintiffs did not make the showing required to obtain restoration, Defendant may want to consider whether his time to move for reargument of Judge Rakower’s Order pursuant to CPLR 2221, or to appeal pursuant to CPLR 5513 (i.e., within 30 days after service by either side upon the other with a copy of the order and notice of entry thereof) has expired.”
In accord with Judge Samuels’ decision, defendant now moves for leave to reargue and renew the court’s July 19, 2001 *133 order on the ground that at the time this court permitted the restoration to the calendar, there was a fact of which defendant was unaware, namely, that plaintiffs were unavailable to proceed to trial, despite contrary representations to the court. Plaintiffs claim that defendant’s prior motions to dismiss were predicated on plaintiffs’ alleged dilatory tactics and failure to prosecute in a timely manner, and that defendant offers no new facts that would change the court’s prior determination. Plaintiffs also contend that defendant’s time to move for leave to reargue has passed because defendant did not do so within 30 days after service of a copy of the order with notice of entry.[4]
A party’s characterization of a motion as one to renew or reargue is not dispositive. (Donnelly v Donnelly, 114 AD2d 671, 672 [3d Dept 1985], appeal dismissed 67 NY2d 1028 [1986].) A motion for leave to reargue under CPLR 2221 “is addressed to the sound discretion of the court and may be granted only upon a showing ‘that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision.’ (Schneider v Solowey, 141 AD2d 813.) Re-argument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided (Pro Brokerage v Home Ins. Co., 99 AD2d 971) or to present arguments different from those originally asserted (Foley v Roche, 68 AD2d 558).” (Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992], Iv denied and dismissed 80 NY2d 1005 [1992], rearg denied 81 NY2d 782 [1993].)
A motion to renew, on the other hand, “is intended to draw the court’s attention to new or additional facts which, although in existence at the time of the original motion, were unknown to the party seeking renewal and therefore not brought to the court’s attention. (Beiny v Wynyard, 132 AD2d 190, Iv dismissed 71 NY2d 994.)” (Id.) A motion to renew is properly denied for failure to show that the alleged new facts were unavailable at the time of the original motion. (Chawla v Cravath, Swaine & Moore, 251 AD2d 96 [1st Dept 1998]; Pahl Equip. Corp. v Kassis, supra.)
Here defendant has presented a new and important fact: At the time plaintiffs rushed to file their notice of trial in June *134 2001 in which they necessarily represented that they were ready to proceed to trial, they were not. Defendant’s motion therefore shall be treated as a motion for leave to renew.[5]
This matter has appeared on this court’s trial calendar a number of times, having been restored by this court on two separate occasions. It is now apparent that plaintiffs were not ready to proceed to trial when the initial motion was made; or for that matter in August or October 2001 when the case was on the trial calendar, or in March 2002 when Judge Samuels rendered her decision. Plaintiffs do not refute this or give any indication in opposition to this motion that they are currently ready to proceed to trial, nor do they seek restoration of their case to the trial calendar. There is virtually no way the defendant could have known of this at the time the court rendered its July 2001 decision, or could have made the court aware of that fact. Plaintiffs should not be permitted to “indefinitely repeat [their] request [] to mark off and restore the case, with no real intent to prosecute the case,” especially now when they have failed to demonstrate their present readiness to the court at this juncture. (Centennial Restorations Co. v Wyatt, 248 AD2d 193, 196 [1st Dept 1998].) It is therefore ordered that defendant’s motion for leave to renew is granted and the instant matter dismissed.

. In 474 W. 150th St. Realty Corp. v Lewis (166 Mise 2d 954), the court relied on CPLR 103 (b) as its basis to apply CPLR 3404 to the summary proceeding. It states in relevant part, that “Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” (CPLR 103 [b].)
The specific language that “procedure in special proceedings shall be the same as in actions” seems to be the bridge by which the court found CPLR 3404 to apply. However, the language “[e]xeept where otherwise prescribed at law” in CPLR 103 (b) suggests that if another rule or law applies to dismissal for failure to prosecute it would supercede any application of CPLR 3404. The Uniform Rules for New York City Civil Court apply to summary proceedings. {Id.; see, also, Centennial Restorations Co. v Wyatt, 248 AD2d 193 [1st Dept 1998].)
Summary proceedings are placed on the trial calendar on the first date the parties appear in court and there is no requirement that a notice of trial be filed. (RPAPL 731 [2].) As the court points out in Matter of Henriques v ■Boitano (NYLJ, July 17, 2002, at 18, col 6), “Although in some types of summary proceeding * * * discovery is routinely permitted, and cases are *129 routinely marked off the court’s calendar while discovery proceeds, this does not mean that a summary proceeding may be permitted to languish off calendar indefinitely, leaving the threat of eviction hanging over the respondent for years without resolution.”
The question therefore is whether CPLR 3404 was intended by the Legislature to afford the respondent in a summary proceeding in the Civil Court automatic dismissal of an action or whether a respondent is required to so move. To provide meaning to the language set forth in CPLR 103 (b), as well as respect for this scheme set forth by the Legislature, CPLR 3404 should not be relied upon in summary proceedings over which the Civil Court has jurisdiction (NY City Civ Ct Act § 204), especially in light of the specific proscription of the applicability of CPLR 3404 to any action other than a Supreme Court or County Court action. (CPLR 3404.)
The court acknowledges that this decision runs contrary to the Civil Court, New York County, 1995 decision in 474 W. 150th St. Realty Corp., which explicitly finds CPLR 3404 extends to proceedings in the Civil Court including summary holdover proceedings. Recently, in Matter of Henriques, the housing court cited to 474 W. 150th St. Realty Corp. as having been cited favorably by the Appellate Division in Centennial Restorations Co. (248 AD2d 193 [1st Dept 1998]) for this proposition. To the contrary, while Centennial Restorations Co. does cite to 474 W. 150th St. Realty Corp. with approval, it is for the proposition that 22 NYCRR 208.14 is applicable to summary proceedings. This is consistent with this court’s finding that 22 NYCRR 208.14 is the rule applicable to proceedings in Civil Court. No appellate court has made the leap that 474 W. 150th St. Realty Corp. makes in finding CPLR 3404 applicable to Civil Court proceedings.

. The record before this court is silent as to why the provisions of 22 NYCRR 208.14 (d) requiring dismissal of the action were not invoked at that point.

. Again, the record before this court is silent as to why the provisions of 22 NYCRR 208.14 (d) requiring dismissal of the action were not invoked at that point.

. In regard to this specific motion, defendant argues among other things that CPLR 3404 is controlling. Plaintiffs argue that defendant failed to serve a written demand to resume prosecution and file a notice of issue according to CPLR 3216 and that the instant motion therefore should be denied. For the reasons noted above, both parties have misapplied these provisions to the instant case.

. The court need not address plaintiffs’ claims that defendant’s motion is untimely because it was allegedly brought more than 30 days after service of a copy of the order with notice of entry. That 30-day limit applies only to motions for leave to reargue and not to motions for leave to renew. (See, e.g., Weaver v State of New York, 112 AD2d 416 [2d Dept 1985] [held motion to renew timely and not limited as motion to reargue which must be brought before time to appeal has expired].) Application of a 30-day rule to a motion for leave to renew would be unduly onerous because it is not likely that a movant would discover new facts in such a short period of time.