■ GEORGE MOFFETT, Respondent, v JAMES J. GERARDI II, Appellant. [897 NYS2d 185]—

In an action to set aside a deed, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated February 25, 2008, as granted that branch of the plaintiff's motion which was, in effect, for leave to renew and reargue his opposition to the defendant's prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (8), which had been determined in an order of the same court dated July 5, 2005, and upon renewal and reargument, vacated its order dated July 5, 2005, denied the motion, and reinstated the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In November 2004 the plaintiff commenced this action to set aside an allegedly fraudulent deed by filing a summons and complaint with the clerk of the Supreme Court, Suffolk County. On December 6, 2004, the plaintiff filed an affidavit of service indicating that service of the summons and complaint had been made pursuant to CPLR 308 (4) at an address in Wading River. In lieu of serving an answer, in December 2004 the defendant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground that the court lacked personal jurisdiction over him. While the defendant's motion to dismiss was pending, the plaintiff filed a second affidavit of service indicating that he had re-served the defendant on May 9, 2005, at an address in Rocky Point. The plaintiff also wrote to the Supreme Court, stated that he had re-served the defendant, and enclosed a copy of the affidavit of service.

The defendant then served an answer with counterclaims, dated May 23, 2005. Although the answer contained affirmative defenses, the defendant did not interpose an affirmative defense asserting lack of personal jurisdiction.

In an order dated July 5, 2005, the Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a), determining that personal jurisdiction over the defendant had not been obtained. The court stated in a footnote that it was aware that the plaintiff had attempted to re-serve the defendant, but noted that the affidavit of service was defective as it did not specify the manner of service, and that such service did not occur within 120 days after the filing of the summons and complaint.

Despite the Supreme Court's order, the defendant submitted

to a deposition on November 4, 2005, and noticed and conducted his own deposition of a nonparty witness on January 18, 2006. In a letter dated November 20, 2006, the plaintiff demanded further discovery; the defendant did not respond to the letter.

On October 10, 2007, the defendant served the plaintiff with a notice of entry of the order dated July 5, 2005. The notice stated that the order had been entered in the office of the Suffolk County Clerk on July 11, 2005. The plaintiff then promptly moved, by notice of motion dated October 19, 2007, inter alia, "to restore the case to the calendar" and for such other and further relief as the Supreme Court deemed appropriate. In the order on appeal the Supreme Court granted the motion, vacated its July 5, 2005, order, denied the defendant's motion, and reinstated the complaint.

While the plaintiff's motion was denominated as one "to restore the case to the calendar," it was, in effect, a motion for leave to reargue and renew. CPLR 2221 allows the court to reconsider a prior order in the event that the court overlooked or misapprehended matters of fact or law, or when new facts are presented which were not offered on the prior motion which would change the prior determination. Here, in support of the branch of his motion which was, in effect, for leave to renew, the plaintiff demonstrated that the defendant participated in discovery for 2½ years after entering the July 2005 order without serving the plaintiff with a copy of that order with notice of entry. In support of the branch of his motion which was, in effect, for leave to reargue, the plaintiff asked the court to revisit the impact of his re-service of the summons and complaint on the defendant in May 2005. Therefore, it was within the Supreme Court's authority, in effect, to treat the plaintiff's motion as one for leave to renew and reargue and to grant renewal and reargument.

Further, upon renewal and reargument, the Supreme Court properly vacated its July 5, 2005, order, denied the defendant's motion, and reinstated the complaint. Although the plaintiff's first attempt to serve the summons and complaint upon the defendant was defective, the plaintiff was not prohibited from re-serving the summons and complaint properly. While service of a summons and complaint must be made within 120 days after filing, the Supreme Court has the authority to extend that period of time in the interest of justice (see CPLR 306-b). Here, the defendant waited almost 2½ years to challenge the plaintiff's second service of the summons and complaint. During that time the defendant served an answer that did not assert the affirmative defense of lack of personal jurisdiction, and

participated in discovery. Under those circumstances, the Supreme Court properly found that the defendant waived any objection to the re-service beyond the 120-day period allowed by CLPR 306-b, and that the plaintiff's re-service upon the defendant cured the jurisdictional defect before the complaint was dismissed by the July 2005 order (*cf. Midamerica Fed. Sav. Bank v Gaon*, 242 AD2d 610, 611-612 [1997]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.