Order, Supreme Court, New York County (Louis B. York, J.), entered May 15, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion to reargue a prior *433 order, entered December 21, 2012, granting defendants’ motion to preclude the testimony of two of plaintiffs expert witnesses, deemed to have granted reargument, and, upon reargument, to have adhered to the prior order, and, so considered, said order unanimously affirmed, without costs. Appeal from the order entered December 21, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the order entered May 15, 2013.
As a threshold matter, the May 15th order effectively granted reargument, and, upon reargument, adhered to the court’s original decision. Accordingly, it is appealable (Centennial Restorations Co. v Wyatt, 248 AD2d 193, 197-198 [1st Dept 1998]).
Plaintiff’s experts’ testimony was properly precluded. The motion court properly determined that the medical and scientific literature submitted by plaintiffs’ experts does not support the proffered theory that exposure to gasoline fumes caused plaintiffs birth defects. Rather, the literature shows that some of the constituent chemicals contained in gasoline, and presumably those chemicals’ vapors, can cause birth defects. However, plaintiff failed to show how exposure to those constituent chemicals, constituted as unleaded gasoline vapors, could have caused his injuries (see Parker v Mobil Oil Corp., 7 NY3d 434, 449-450 [2006]).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur — Sweeny, J.P, Acosta, Saxe, Moskowitz and Clark, JJ.