Isaly-Liceaga v Pickarski (2021 NY Slip Op 06040)





Isaly-Liceaga v Pickarski


2021 NY Slip Op 06040


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Index No. 158591/18 Appeal No. 14566 Case No. 2021-00541 

[*1]Christina Isaly-Liceaga, Plaintiff- Respondent,
v
Thomas Pickarski, Defendant-Appellant.


Catharine Grad, P.C., New York (Catharine A. Grad of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.) entered November 11, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to discontinue the action and denied defendant's cross motion for summary judgment on his counterclaim for attorneys' fees, unanimously reversed, on the law, with costs, to condition said discontinuance upon the payment by plaintiff of defendant's reasonable attorneys' fees from the inception of this action to date and to remand the matter for determination of a suitable amount.
The court should have granted defendant tenant reasonable attorney's fees as the prevailing party, pursuant to the terms of the parties' lease (see Real Property Law § 234). Contrary to the landlord's assertion, the tenant was the prevailing party regardless of whether the action was formally discontinued, since a tenant is entitled to recover fees "when the ultimate outcome is in his favor, whether or not such outcome is on the merits" (Centennial Restorations Co. v Wyatt , 248 AD2d 193, 197 [1st Dept 1998] [internal quotation marks omitted]). Ultimately, plaintiff landlord sought a discontinuance because, as the record reflects, the relief sought  installation of the rugs and padding and the abatement of noise complaints  took place before this action was commenced. Thus, defendant tenant achieved prevailing party status when his defense of the action was confirmed as true. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021